## S. A. LACOSTE v. S. W. ODAM.

When the question involved was whether the defendant was entitled to the equitable protection accorded to an innocent purchaser for value without notice, and there was no proof that he or those under whom he claimed had paid the purchase money, it was error to instruct the jury, in effect, that the defendant occupied the attitude of such a purchaser.

In a question of title arising out of a conflict between deeds executed before the passage of the registration laws, the person having the elder deed must be held to have the title; and the dates of the respective deeds must be taken to be *prima facie* evidence of the time of their execution.

The ruling in the case of Clay v. Clay, (Ante 24) as to the incapacity of aliens to acquire title to real estate under the laws of Mexico, referred to and approved.

The recital in a deed that the vendees were residents of one of the United States is not conclusive that they were aliens to the Republic of Mexico; but it is only admissible as tending to establish their alienage.

APPEAL from Milam.

The record in this cause not having reached the hands of the Reporters, a statement of the facts cannot be given. But as the opinion involves some questions of interest, and indicates the facts to some extent, it is thought advisable to insert the case, even with an incomplete exposition of the facts.

BELL, J. We are of opinion that the court below erred in giving to the jury the 6th instruction asked by the defendant. The instruction was in the following words: "The jury will determine whether at the time Johnson purchased of Edwards, or Wiggins purchased of Johnson, Phillips and Lacoste's deed was on record—if it was not duly recorded they will find for the defendant, without reference to the question as to whose title was first recorded."

The jury had already been told, and properly told, in the 4th instruction asked by the defendant, that the registration by Hood, the judge of the jurisdiction, was not to be regarded by them as any evidence of registration. The effect, therefore, of the 6th instruction, above quoted, was to take all other questions

from the consideration of the jury, and to require them to find for the defendant if it appeared that Johnson had purchased from Edwards, or that Wiggins had purchased from Johnson before Lacoste's deed was duly registered. This was error, because it placed the defendant in the position of an innocent purchaser, without any proof of payment of the purchase money either by himself or those under whom he claimed.

There were no registration laws in Texas at the time that Lacoste and Phillips purchased from Edwards, and none at the time Johnson purchased from Edwards. We are of opinion that in the absence of registry laws the person having the elder deed must be held to have the title, and the dates of the respective deeds must be taken to be *prima facie* evidence of the time of their execution.

As the judgment will be reversed because of the error which has been pointed out, it becomes necessary to notice the ruling of the court sustaining the plaintiff's exceptions to the defendant's plea filed on the 23d of May, 1856, in which it was alleged that the plaintiff and B. E. Phillips were aliens at the time of the conveyance to them by Monroe Edwards, and were not capable to hold or take land in the Republic of Mexico.

The question raised by this plea was decided by this court in the case of Clay v. Clay, from Fayette county, not yet reported. The court below erred in sustaining the exception to the plea, and the question will therefore arise upon another trial. We think it proper to say, in reference to it, that we do not consider the recital in the deed from Edwards to Lacoste and Phillips, that they were residents of the State of Mississippi, as conclusive upon the question of alienage, but only admissible as tending to establish the fact. For the error in the charge of the court, the judgment is reversed and the cause remanded.

It is complained that the court improperly permitted the defendant to read copies of deeds in evidence, but it is not shown by the record that any objection was made to their introduction.

Reversed and remanded.

MOORE, J., did not sit in this case.