56  265
78  561

### L. K. THOMPSON ET AL. V. MATILDA WESTBROOK.

(Case No. 757.)

1. DEED.— If, at the time of the execution of a deed absolute on its face, a mortgage be executed to secure the payment of purchase money, the vendor may, when default is made in payment of the purchase money, as between the vendee and himself, disregard the deed and make a valid conveyance of the land to another. Such subsequent conveyance would vest title in the purchaser, except as against one purchasing from the first vendee without notice actual or constructive of the mortgage.

2. CONSTRUCTIVE NOTICE.— Constructive notice of an adverse claim to land cannot extend to deeds in the chain of title, prior to an unrecorded mesne conveyance.

APPEAL from Polk. Tried below before the Hon. H. C. Pedigo.

Appellants sued one Brick, April 22, 1875, on a note for $1,180, and to foreclose a mortgage on the land described in the petition or alternately for the land, joining appellee as defendant, representing that she was in possession and claiming a portion of the land.

In 1861 Eliza Rudder sold the land to Brick, conveying it to him by a deed absolute upon its face, and therein acknowledging the payment of the purchase money. This deed was recorded in Polk county, where the land is

situated, on December 12, 1861. At the time of the execution of the deed Brick executed his note to Mrs. Rudder for the payment of the purchase money of the one thousand two hundred and eighty acres of land conveyed by the deed. It is also claimed by appellants, but denied by appellee, that to secure the note Brick, simultaneously with the execution of the deed and note, also executed a mortgage to Mrs. Rudder upon the land. The mortgage, if executed, was not recorded in Polk county.

February 21, 1864, Brick having failed to pay the purchase money note, Mrs. Rudder considered the trade as of no effect, and conveyed the land by deed to Wm. Jenkins. This deed was not recorded in Polk county. Jenkins conveyed to Cash, December 22, 1866, and the deed was recorded July 7, 1869; from Cash, through mesne conveyances, the appellants claim the land.

July 21, 1870, Brick conveyed three hundred acres of the land to Mrs. Westbrook by absolute deed, which was recorded the same day, and she was then in possession under a bond for title before the deed was executed.

The case was tried by the court May 4, 1876, and a judgment rendered in favor of appellants against Brick for all of the one thousand two hundred and eighty acres of land, save and except the three hundred acres conveyed to appellee. Judgment was rendered in favor of appellee for the three hundred acres, and costs, and the appellants brought that branch of the judgment on an assignment of errors.

*James E. Hill,* for appellants.

*J. M. Crosson,* for appellee.

WATTS, J. COM. APP.— In Dunlap *v.* Wright, 11 Tex., 597, the court, after citing numerous cases bearing upon the point then under consideration, remarked that "The effect of the principles of these cases is that the vendor's

deed may be absolute; yet if a mortgage for the purchase money be given back at the same time, the fee will absolutely remain in the vendor."

Chief Justice Moore, in commenting upon the doctrine of Wright v. Dunlap in the case of Burgess v. Milliken, 50 Tex., 403, said: "But though seizin or title vests in him (the vendee) by the deed, it is nevertheless lost to or divested out of him by his refusal or failure to comply with the terms or conditions upon and by which it was acquired."

However much, as an original proposition, we might be inclined to the opinion that a deed absolute upon its face and executed according to law would vest in the vendee the fee or title to the land, notwithstanding the simultaneous execution of a mortgage to secure the purchase money, it must be admitted that the doctrine of Wright v. Dunlap is too firmly settled by judicial decision to be now questioned.

If, as claimed by appellants, Brick executed and delivered to Mrs. Rudder the mortgage at the same time she executed to him the deed, then, notwithstanding the failure to have the same recorded, when he made default in the payment of the purchase money, as between them, she undoubtedly had the right to treat the sale as at an end, and to resume the ownership of the land and to convey it to another. Yet if the appellee, without notice actual or constructive of the existence of the mortgage, or the subsequent deed of Mrs. Rudder to Jenkins, or the intervening rights of the appellants, purchased the land of Brick and paid him a valuable consideration therefor, she would, as against the appellants, acquire the superior title. Lee v. Wharton, 11 Tex., 61; Watkins v. Edwards, 23 Tex., 443; Lacoste v. Odam, 26 Tex., 458; Henderson v. Pilgrim, 22 Tex., 464.

The fact that some of the mesne conveyances under which appellants claim may have been recorded, if such

was the fact, prior to appellee's purchase, would not constitute constructive notice to her of any adverse claim. Watson *v.* Chalk, 11 Tex., 89. Hence the real issue upon the trial in the court below was, whether or not appellee, at the time of her purchase, had actual notice of this adverse claim to the land.

Assuming that the burden of proof was upon her to show a want of notice, and all the other essential facts to make her an innocent purchaser for value and without notice, an examination of the evidence disclosed by the record clearly shows that this was done by appellee. It is shown that she purchased the land upon the faith of the record, without notice actual or constructive of any adverse claim, and that she paid a valuable consideration therefor in cash. In short, the evidence clearly shows every fact that was necessary to bring appellee within the rule of an innocent purchaser without notice for a valuable consideration. Manifestly she secured by her purchase from Brick the superior title to the three hundred acres against appellants.

In regard to the other questions presented by the assignment, suffice it to say that they were not such errors as would or could affect the judgment.

We conclude that the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered February 24, 1882.]