# FREDERICK BREMER vs CASE & DEFFENBAUGH.

### SUPREME COURT, TYLER TERM, 1883.

*Trespass to try title--Evidence—Innocent Purchaser, etc.* To entitle a subsequent vendee to have a prior unregistered conveyance postponed to his subsequent conveyance it must appear : 1. That he was a *bona fide* purchaser. 2. That he purchased without notice, actual or constructive of the title of the prior vendee. It must appear that the purchase money was *bona fide* purchase money, and was truly paid :—a recital of that fact in the deed is not sufficient. It must be proved by evidence independent of the recitals in the deed.

*Same.* Payment of purchase money for land involved will not be presumed merely from the lapse of time, especially in a case wherein the party setting up such fact is chargeable with knowledge of such evidence. Note a total absence of evidence

to show want of notice of a prior unrecorded deed, and the payment of purchase money.

*Same—Stale demand.* Note a state of case to which the doctrine of stale demand can have no application.

Error from Bexar County.

*John Ireland* for the plaintiff in error.

*Wooldridge* & *Fisher* for the defendant in error.

Opinion by Willie, C. J.

The first error assigned—which is the only one we deem it necessary to notice—is : "The court erred in rendering judgment for the defendant, the plaintiff having shown a complete chain of title from the sovereignty of the soil, and the defendant having failed to prove the payment of a valuable consideration so as to make him an innocent purchaser without notice." We think the assignment well taken. "To entitle a subsequent vendee to have a prior unregistered conveyance postponed to his subsequent conveyance it must appear. 1st. That he was a purchaser *bona fide.* 2nd. That he purchased without notice, actual or constructive, of the title of the prior vendee. It must appear that the purchase money was *bona fide* and truly paid : a recital of that fact in the deed is not sufficient. It must be proved by evidence independant of the recitals in the deed."

Watkins vs. Edwards, 23 Tex. 448.

See also Hawley vs. Bullock, 26 Tex. 222; Lacoste vs. Odem, 26 Tex. 458.

To say nothing of the failure to prove want of notice of the prior unrecorded deed against which Deffenbaugh set up the defense of innocent purchaser, there was no evidence that he or his vendee had ever paid any portion of the purchase money.

It is urged that so great a length of time has elapsed since the deeds to Deffenbaugh and his vendee were made, payment of the purchase money will be presumed. We know of no authority for this view of appellee's counsel and none is cited in their brief; and it would seem especially untenable in this case where the fact of the payment of the money to Kinchild should have been within the knowledge of the appellee, as he must have paid it himself. He was a witness in his own behalf, and could easily have stated whether or not he paid the purchase money recited in the deed to have been received from him, although the transaction had occurred more than

twenty years before. He could at least have given his best recollection about the matter.

The question of stale demand did not enter into the case. Deffenbaugh had never been in possession of the land. He did not even record his deed from Kinchild for more than 20 years after it was executed,and Brewer so far as the proof shows, was wholly ignocent of any claim to the land on his part until about two months before he filed this suit.

The plaintiff in this case holding as he does a legal title and seemingly the best right to the land, stands in a very different attitude from the appellants in the case Johnson vs. Newman, 43 Tex. 628, cited as authority in the brief of appellee's counsel.

There the plaintiffs sought equitable relief against what was apparently the better title of the defendant, and it was properly held that the burden was on them to show a failure to pay the purchase money, or other defects or want of equity in the title they had attacked.

For the error of the court as indicated above the judgment is reversed and the cause remanded.