## WILLARD V. KING ET AL. v. QUINCY NATIONAL BANK ET AL.

### Decided June 21, 1902.

1.—Notes—Indorsement Before Maturity—Burden of Proof—Innocent Purchaser— Vendor's Lien.

Where a vendor's lien note, recited in the deed of the land placed on record, was assigned before maturity, the assignment not being recorded, and thereafter the vendor of the land accepted a reconveyance from the vendee which was recorded and which recited a cancellation of the note and release of the lien by the vendor as the consideration therefor, and the vendor then sold the land again, taking notes secured by a lien reserved in the deed, purchasers of such latter note were entitled to priority over the lien of the first note, which had not been satisfied, if they purchased before maturity and without notice, but the burden was on them to show this, and the mere indorsement of the notes in blank, with no proof showing the circumstances or actual date of their acquisition, was not sufficient.

2.—Same—Holder for Collection Only.

Where the evidence showed that a party holding two of such latter notes, held them for collection only, and had never applied the proceeds as directed, the court properly instructs a verdict against such party and in favor of the lien securing the note given on the first sale.

Appeal from the District Court of Tarrant County. Tried below before Hon. M. E. Smith.

*F. W. Bartlett* and *Coke & Coke,* for appellants.

*Hill, Dabney & Carlton* and *Martin & Smith,* for appellees.

CONNER, CHIEF JUSTICE.—The following brief statement of the voluminous record before us, it is believed, will sufficiently present this case: The appellee bank sued J. J. Cannon, S. E. Cannon, and J. S. Bobo, as makers, and U. F. Short as indorser of a note for $7000 given as purchase money for certain lands sold by Short to said makers, August 1, 1893. The note was made payable August 1, 1898; was secured by the vendor's lien reserved and by trust deed on the land and had, for valuable consideration, been transferred by blank indorsement of Short to the bank before maturity; no record of the transfer, however, was ever made. Among other persons, the bank also sued appellee J. H. Miller and appellants Willard V. King and the Real Estate Trust Company, alleging that they were claiming some interest in the lands involved and upon which the bank prayed for a foreclosure of its said lien.

It was alleged, as was also proven, that in November, 1895, after its transfer to the bank, the makers of the $7000 note reconveyed said land to Short. The deed of reconveyance recited the consideration to be the cancellation of the $7000 note and the release of the vendor's lien retained in Short's deed to said makers, and it was duly recorded November 19, 1895. Thereafter, on January 4, 1896, Short conveyed part of the land in question to J. H. Miller, for which Miller, among other things, gave two negotiable promissory notes for $1000 each, reserving the vendor's lien on the land sold to him. Thereafter on July 1, 1896, Short executed a note, secured by lien on part of the land in controversy, for $2000 to the New England Loan and Trust Company; at the same time also transferring to said New England Loan and Trust Company by indorsement said two $1000 Miller notes. The appellant Real Estate Trust Company alleged that it had acquired said $2000 note from the New England Loan and Trust Company for value before its maturity and without notice of the bank's $7000 note and lien, and prayed for judgment against Short with foreclosure of a first lien on the particular part of the land in controversy described in its answer. Appellant Willard V. King answered substantially the same as to said two $1000 notes claimed by him, and prayed for judgment against Miller, as maker, and Short, as indorser, and for foreclosure of lien against all parties for that part of the land for which said notes had been given. Short, whose answer in this respect was substantially adopted by the appellee bank, alleged that the $2000 note claimed by the appellant real estate company and the two $1000 notes claimed by appellant King had been made and assigned to said New England Trust Company under an agreement that they should be applied as payment pro tanto on a large debt due from Short to the Farmers Loan and Trust Company of New York, the New England Loan and Trust Company being a collecting agent of the New York company; that said New England company

failed to so apply said notes, but had transferred the $2000 note to said Real Estate Trust Company and said two $1000 notes to King without consideration and with full notice of the agreement upon which the New England company had received them, and he prayed for a cancellation of the $2000 note and a return of the Miller notes.

The verdict and judgment was for the appellee bank and for Short in substantial compliance with their prayers, and the Real Estate Trust Company and King appeal.

The court gave peremptory instruction for the appellant bank, and to this error seems to be principally assigned. There was evidence that the Texas agent of the New England Loan and Trust Company was without notice of the assignment of the $7000 note to the appellee bank at the time he received the other notes herein mentioned for his company, and it is hence insisted by appellants King and the Real Estate Trust Company that they are respectively entitled to priority of lien, the assignment to the bank having been unrecorded as stated. In the case of Moran v. Wheeler, 87 Texas, 179, it was held that a junior lienholder was entitled to priority over a vendor's lien, it appearing that the indorsee of the notes evidencing the vendor's lien had failed to have the transfer to him recorded, and that the junior lien had been acquired for value and without notice of the vendor's lien after the vendor of the land and payee of the vendor's lien notes had executed to the vendee and maker an instrument acknowledging the payment of the notes and releasing the vendor's lien, and which had been recorded prior to the acquisition of the junior lien. While the vendor and payee in the case before us executed no written instrument acknowledging payment of the note and release of the vendor's lien, he nevertheless accepted and caused to be registered a reconveyance from his vendees which so recited, and thereafter dealt with the land as his own, without giving notice of the vendor's lien outstanding in fact; so that the salutary rule announced in the Wheeler case, supra, would seem to apply here, if in fact, as alleged, King and the Real Estate Trust Company acquired the notes and liens severally claimed by them for value and before maturity of the notes and without notice of the bank's outstanding lien. See Loan Association v. Brackett, 91 Texas, 44. We have concluded, however, that appellants King and Real Estate Trust Company have not shown themselves to be purchasers for value before the maturity of the obligations claimed by them, and that they must therefore be held to have notice of the undoubted defense existing as against the New England Loan and Trust Company from whom they claim to have acquired the obligations they seek to enforce.

Appellants are in the attitude of asserting an equitable defense. They insist that the prior lien of the bank shall be postponed until satisfaction of their respective subsequent liens because, as in substance claimed, they are purchasers for value, without notice of the prior lien. The burden is therefore upon appellants to establish the defense so asserted. Not a particle of proof was offered by either of appellants

showing the circumstances or actual date of the acquisition of the notes respectively claimed by them, or that anything of value was paid therefor. The mere blank indorsement of the notes shown and relied upon by appellants may, by the rule of commercial law, be sufficient to authorize the presumption that the notes as such had been acquired before maturity and for value as alleged, but the question here is not one of title or of ownership of the notes, but the question is, who in equity shall be given priority of lien on the land involved? In this aspect of the case appellants occupy the place of others claiming to be innocent purchasers for value without notice, and mere indorsement or recitals in conveyances to them are insufficient to discharge the burden of proof resting upon them. Watkins v. Edwards, 23 Texas, 448; Harrison v. Baring, 44 Texas, 263; Thompson v. Westbrook, 56 Texas, 268.

In addition to the foregoing view, it is established not only by the verdict of the jury in answer to the issues submitted between appellants and appellees other than the bank, but also by the undisputed proof, that the New England Loan and Trust Company gave nothing of value as a consideration for the said $2000 note, or for the assignment of the two Miller notes of $1000 each. The verdict of the jury, which is unchallenged in this respect, also establishes the fact that the New England company failed to apply said notes or proceeds thereof to the debt of the Farmers Loan and Trust Company of New York, and appellant King on the trial made admission, binding him as against the appellee bank at least, that the notes and lien claimed by him are subject to any defense which may be urged against them as if in the hands of the New England Loan and Trust Company. So that as to appellant. King we think it clear that the peremptory instruction in favor of the bank was proper. While the Real Estate Trust Company made no such admission, it was shown that the $2000 note was dated July 1, 1896, made payable July 1, 1898, with interest payable semiannually, and specially provided that "if default should be made in any interest payment then the whole amount * * * should become due." Appellant Real Estate Trust Company alleged, in effect, that no interest payments had ever been made, and it proved that the trust deed lien given by Short to secure the $2000 note had by instrument in writing been transferred to the Real Estate Trust Company by the New England Loan and Trust Company on June 29, 1897. There was also testimony to the effect that the Real Estate Trust Company acted as a mere holder in trust of the securities of the New England Loan and Trust Company, and a secretary of the latter company testified that he supposed the Real Estate Trust Company became the holder of the $2000 note in this way. It was further shown that the attorney representing the Real Estate Trust Company on the trial received the $2000 note for collection from an officer of the New England Loan and Trust Company, and not from his client, the Real Estate Trust Company. These circumstances, in our judgment, certainly called for further proof than the

mere presumption arising from an undated indorsement on the note, or at least raised an issue against such presumption. The jury were instructed that they should find for the Real Estate Trust Company against Short, if they found it was a purchaser of the $2000 note for value before maturity and without notice of the defense urged. The evidence, we think, supports the verdict against the appellant Real Estate Trust Company on the issues submitted, and indeed the verdict in this particular is not attacked by any assignment. So that in any view of the question presented, the Real Estate Trust Company also is without reversible cause of complaint in the peremptory instruction named.

What has heretofore been stated is in part also applicable, we think, to assignments presenting questions arising solely between appellants and appellees Short and Miller. The verdict to the effect that the notes claimed by them were without consideration, or that the consideration had wholly failed, and that appellants had notice thereof, is not even attacked for insufficiency of evidence to support it, and having found no reversible error in the introduction of the evidence, or in the charge submitting the issues, we think the verdict conclusive.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.