## ROONEY v. PORCH. (No. 7896.)

(Court of Civil Appeals of Texas. Galveston. May 27, 1920. Rehearing Denied June 17, 1920.)

**1. Vendor and purchaser ⬅101 — Notice of rescission by vendor under reserved lien not necessary.**

Where the deed expressly retained vendor's lien, and made the passing of title and payment of the purchase money dependent covenants, notice by the vendor to defaulting purchaser of his election to rescind the contract is not required, unless a rescission without notice in the particular case would be inequitable.

**2. Vendor and purchaser ⬅86, 101 — Vendor can rescind without notice after 15 years' default in the payment of lien notes.**

Where there was no evidence that a purchaser had made any payment on the vendor's lien notes for 15 years after maturity, or that he was continuing to assert claim to the land or intention to comply with his contract, the vendor by virtue of his reserved title had the right to disaffirm the contract and convey the property to another without notice to purchaser; for, if for 15 years the purchaser ignored his obligation to pay the purchase money, the vendor might reasonably assume that he had abandoned his contract.

**3. Vendor and purchaser ⬅265(1)—Purchaser from vendor after default on lien notes has superior title.**

A vendor who reserves a lien for the purchase money has superior title to the purchaser, and a subsequent purchaser from the vendee acquires only the vendee's title, and cannot claim the land against the vendor or his successor without showing payment of the purchase money.

**4. Evidence ⬅91—Burden is on plaintiff to prove right to recover.**

The burden is always upon a plaintiff to prove every fact necessary to establish his right to recover.

**5. Vendor and purchaser ⬅180—Presumption of payment of overdue vendor's lien not conclusive.**

The presumption that a note which has long been past due has been paid is not a conclusive

presumption, and the fact that the vendor holding such note conveyed the land on which he retained a lien to another is sufficient to authorize a finding that the note had not been paid.

**6. Vendor and purchaser ⬷180—Release of vendor's lien by vendor to former purchaser not evidence against subsequent purchaser.**

Where a vendor who had retained a vendor's lien subsequently conveyed the property to a second purchaser, a release of the vendor's lien given to the first purchaser after the conveyance to the second is not evidence against the second purchaser or those holding under him that the money had been paid prior to the second conveyance.

**7. Vendor and purchaser ⬷267—Payment of lien notes after resale by vendor does not defeat subsequent purchaser's title.**

Payment by a purchaser of notes secured by vendor's lien after the vendor had conveyed the property to another does not affect the title of the subsequent purchaser.

**8. Appeal and error ⬷981—New trial ⬷99 —Motion for new trial is addressed to discretion of trial court.**

A motion for new trial for newly discovered evidence was addressed to the discretion of the trial court, and its ruling will be sustained, unless the record shows abuse of such discretion.

**9. New trial ⬷124(1)—Diligence to discover evidence held not shown.**

Where the motion for new trial gave as the reason for failure to have the evidence at the first trial the fact that plaintiff was a nonresident, who purchased the property on the faith of an abstract, and assumed that vendor's lien notes had been paid so that he was not prepared to prove payment, the trial court did not abuse his discretion in holding that the motion failed to show diligence.

**10. Appeal and error ⬷706(3) — Probably different result cannot be found where evidence at hearing is not in record.**

Where the evidence heard on a motion for new trial on the ground of newly discovered evidence was not in the record, the appellate court cannot hold that the newly discovered evidence would likely have changed the result.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by T. E. Rooney against W. W. Porch. Judgment for defendant, and plaintiff appeals. Affirmed.

Tharp & Tharp, of Houston, for appellant. Ward & Ward, of Houston, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title, brought by the appellant against the appellee to recover 58.7 acres of land, a part of a tract of 228.7 acres in Harris county, patented to Thomas Desel. Defendant answered by general demurrer, plea of not guilty, and pleas of limitation of 3, 5, and 10 years. He also interpleaded his vendor, J. A. Freedman, on his warranty of title. The trial in the court below without a jury resulted in a judgment in favor of the defendant.

The evidence shows that the 228.7 acres, of which the 58.7 acres in controversy is a part, was conveyed by Charles L. Desel to John H. Ruff on October 6, 1892, for a consideration of $609.86 cash and two notes executed by Ruff, one for the sum of $686.10 due 1 year after date, and the other for $533.63 due 2 years after date. These notes were secured by a vendor's lien reserved in the deed of conveyance, and also by a deed of trust upon the land. On December 29, 1892, Desel transferred these notes and liens to C. Cusack. Prior to this transfer Ruff had conveyed, by deed of date November 19, 1892, 58.7 acres of the land to T. J. Pierce for a consideration of $156.53 cash and the assumption and agreement by Pierce to pay $156.53 upon each of the two notes above described given by Ruff in part payment of the purchase money of the 228.7 acres. The deed to Pierce expressly reserved a vendor's lien to secure the payment of the sums agreed to be paid by him on the notes before mentioned. On January 18, 1907, Ruff conveyed the whole of the 228.7 acres to John C. Morrison. On February 7, 1907, C. Cusack executed a release of the liens upon the land, securing the two notes which had been transferred to him by Desel. This release recites that the two notes had been fully paid, canceled, and surrendered, and in consideration of the premises the grantor releases and quitclaims unto John H. Ruff all his right, title, and interest in the land by virtue of the liens thereon securing said notes. The title conveyed to Morrison on January 18, 1907, was conveyed to appellee, Porch, on May 15, 1908, by J. A. Freedman, who held same through mesne conveyances from Morrison. On June 7, 1909, T. J. Pierce, for a recited consideration of $50 and other considerations not stated, conveyed the 58.7 acres conveyed to him by Ruff to Mary E. Scott by deed of general warranty. On January 6, 1912, Ruff executed a release to Pierce, reciting that he had conveyed the 58.7 acres to Pierce on December 19, 1892, and as part consideration therefor Pierce had assumed and agreed to pay $156.53 in 1 year and $156.53 in 2 years on the incumbrances then existing on the land, and that "said notes and all interest thereon have been fully paid and canceled and surrendered to my entire satisfaction." On May 14, 1916, Mary E. Scott conveyed said 58.7 acres to A. E. Cole, who on May 8, 1916, conveyed it to appellant, Rooney. There was no testimony showing that the two amounts of $156.53 each assumed by Pierce were paid by him:

---

⬷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The first assignment of error assails the judgment on the ground that the evidence is not sufficient to show a lawful rescission by Ruff of his contract of sale to Pierce. The first proposition under this assignment is:

"A vendor cannot rescind by reselling the property, unless he does so promptly with notice to the vendee, and if a considerable portion of the purchase money has been paid, he must do equity."

[1] Where the deed of conveyance expressly retains a vendor's lien and the passing of title and payment of the purchase money are dependent covenants, notice by the vendor to the defaulting vendee of his election to rescind the contract is not required, unless in the particular case a rescission without notice would be unjust and inequitable.

[2] The evidence in this case shows that more than 15 years intervened between the sale of the 58.7 acres to Pierce and its subsequent sale by Ruff to Morrison. It is not shown that any payment was made by Pierce during all this time, nor that he was continuing to assert his claim to the land, or evidencing any intention to comply with the obligations of his contract. If for 15 years he ignored his obligation to pay the purchase money, and thus acquire title to the land, his vendor might reasonably assume that he had abandoned his contract to pay for the land. In these circumstances we think Ruff, as the holder of the superior title, had the right to disaffirm the contract and convey the land to Morrison without any notice to Pierce. Thompson v. Robinson, 93 Tex. 165, 54 S. W. 243, 77 Am. St. Rep. 843.

[3] No equities were pleaded by defendant in bar of Ruff's right of rescission, and the suit was brought and prosecuted upon the theory that the deed from Ruff to Pierce, being prior to the deed from Ruff to Morrison, appellant, holding under Pierce, had a prima facie superior title to appellee, who holds under Morrison, which could only be defeated by an affirmative showing that Pierce had not paid the balance of the purchase money, for the payment of which the vendor's lien was reserved in his deed. We cannot agree with appellant that the burden was upon appellee to show that Pierce had not paid the balance of the purchase money for the land before Ruff rescinded the contract of sale by conveying the land to Morrison. The superior title remained in Ruff until the purchase money was paid, and if the deferred payments were not made in accordance with the terms of the contract of sale as expressed in the deed to Pierce the vendor had the right to rescind the contract and take possession of or sell the land to another. Roosevelt v. Davis, 49 Tex. 463; Thompson v. Westbrook, 56 Tex. 267; Diffie v. Thompson, 88 S. W. 381.

If Ruff, instead of conveying the land, had himself taken possession, and suit had been brought by Pierce against him for recovery of the land, Pierce could not have recovered unless he had alleged and proven the payment of the purchase money. Burgess v. Millican, 50 Tex. 397. The appellant, who holds under Pierce in this suit against appellee, who holds under Ruff, is in no better position than Pierce would have been in a suit brought by him against Ruff.

[4, 5] The burden is always upon a plaintiff to prove every fact necessary to establish his right to recover. The presumption of payment of a note which has been long past due is not a conclusive presumption, and the facts in this case are, we think, sufficient to authorize the finding by the trial court that the money had not been paid.

[6] The release executed by Ruff to Pierce after he had conveyed the land to Morrison is no evidence as against Morrison or those holding under him that the money had been paid by Pierce prior to Ruff's conveyance to Morrison. A vendor cannot by recitals in a subsequent instrument thus impeach the title of his vendee.

[7] If this rule is not applicable, this release does not recite when the money was paid, nor that it was paid by Pierce. The recital is that the notes given by Ruff in part payment of the 228.7 acres of land, the payment of a portion of which had been assumed by Pierce, had been fully paid and canceled. As shown by a prior release from Cusack, executed at the time Morrison bought the land, 5 years prior to the release to Pierce, these notes were then paid, it may be inferred, from the money received by Ruff from the sale to Morrison. It goes without saying that a payment by Pierce to Ruff 5 years after the latter's conveyance to Morrison, if such payment was in fact made, could not affect Morrison's title to the land.

Appellant moved for a new trial in the court below on the ground of newly discovered evidence, and in support thereof presented affidavits of both Pierce and Ruff to the effect that the two payments on the notes assumed by Pierce were made by Pierce, but neither of these affidavits state the dates on which the payments were made. The affidavit of Ruff further recites that he did not intend to convey the 58.7 acres to Morrison, but only intended to convey to him the 228.7 acres, less the 58.7 acres, and that "Morrison knew the 58.7 acres was owned by Pierce, and that the purchase money [therefor] was all paid by Pierce." The reasons stated in the motion for the appellant's failure to have the testimony of the witnesses on the trial are:

"Because plaintiff was a nonresident of the state of Texas when he purchased said 58.7 acres, and is still a nonresident of the state of

Texas. That he paid full consideration for said land and purchased by an abstract of title furnished him, and that he was informed that the purchase money assumed by Pierce was presumed to have been paid, and in fact had been paid, and thereby he was receiving a good title to said land.

"Hence, upon the trial, on the 11th day of June, 1919, he was not prepared to prove that Pierce had paid the purchase money assumed by him in his deed from John H. Ruff. That since the trial he has located said T. J. Pierce, at considerable expense, and has obtained from him an affidavit wherein he states that he paid the full consideration for the said 58.7 acres, as agreed to be paid by him, and that he received a release of the lien from said John H. Ruff; and that he resides in Oklahoma county, Okl."

The record discloses that this motion was controverted by appellee, and evidence was heard thereon, but none of this evidence is brought up with the record.

[8] A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court and unless the record shows that such discretion has been abused the judgment of the trial court on such motion will be sustained.

[9] It cannot be held that the trial judge abused his discretion if he held that the motion failed to show a want of diligence on the part of appellant in not having the testimony of these witnesses on the trial.

[10] Nor can it be held, in the absence of the evidence heard on the motion, that the testimony of these witnesses would likely have changed the result of the trial. Davis v. Ransom, 57 Tex. 335.

We do not think any of the reasons presented in appellant's brief require or would authorize a reversal of the judgment of the trial court. It follows that the judgment must be affirmed; and it has been so ordered.

Affirmed.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes