**HEAD et ux. v. MOORE et al. (No. 1243.)**

(Court of Civil Appeals of Texas. El Paso. June 2, 1921. Rehearing Denied June 23, 1921.)

**1. Appeal and error ⚹846(5)—Judgment, without findings or conclusions, affirmed on any applicable ground.**

Where there was no finding of fact nor conclusion of law in the record, the judgment must be affirmed, if it can be done on any sound reason in law applicable to the pleadings and the facts.

**2. Vendor and purchaser ⚹102—Vendor, retaining title, cancels sale by conveyance to another after default of first purchaser.**

Where a vendor sold the land retaining title to secure payment of purchase-money notes representing the entire agreed consideration none of which were ever paid by the purchaser a subsequent sale by the vendor to another purchaser cancels the contract of sale to the first purchaser and vests the legal and equitable title in the second purchaser.

**3. Vendor and purchaser ⚹261(3)—First purchaser cannot recover from second without tendering amount of vendor's lien.**

A purchaser under a contract by which title was retained to secure the payment of the notes representing the entire purchase

money, cannot recover the legal title vested in a subsequent purchaser, without tendering the amount due on his notes and offering to do equity to the subsequent purchaser.

**4. Attorney and client ⬅123(2)—One conveying to attorney cannot rescind without tendering consideration.**

One who had conveyed his interest in land to his attorney cannot rescind the contract because of the attorney's breach of faith, without offering to restore the consideration paid by the attorney.

**5. Vendor and purchaser ⬅180—Burden is on purchaser to prove payment of lien notes.**

A purchaser has the burden of proving payment by him of the notes secured by vendor's lien, in order to establish his legal title to the premises, and he cannot object to the admission in evidence against him of the deed to a subsequent purchaser, where he made no proof of the payment of consideration.

**6. Vendor and purchaser ⬅180, 267—Fact that notes are long overdue is not proof of payment or release of lien.**

The fact that vendor's lien notes are long overdue is not proof that they have been paid and that the vendor has released the lien.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by S. M. Head and wife against J. A. Moore and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

W. E. Rogers, of El Paso, and Conner & McRae, of Eastland, for appellants.

Grisham Bros., of Eastland, and J. A. Moore, of Carbon, for appellees.

### Statement of the Case.

HARPER, C. J. J. W. Asher, being the owner of the south half of section 9, block C-20, subject to the unpaid obligation to the state, on November 5, 1913, conveyed to S. M. Head and wife. The recited consideration was $800 cash and four vendor's lien notes for $360 each, and the assumption of the balance due the state. Retained vendor's lien to secure the payment of the purchase money. The undisputed testimony is that the cash, $800, consisted of vendor's lien notes, and that they were never paid; that "no attempt was made to collect the notes, after several lawyers were unable to find any trace of what said notes covered," and that Asher was never paid the $800; that the $360 notes were never paid. Asher never received any consideration for the land from Head. The latter had not paid anything to the state, nor any taxes.

On April 17, 1920, Head conveyed, by warranty deed, to defendant J. A. Moore, for a cash consideration of $1,000. At the time the unpaid balance due the state and taxes had not been paid. April 20, 1920, Moore and wife executed to O. A. Stubbs a mineral lease, Producers' 88 form. May 20, 1920, Asher and wife executed quitclaim deed to O. A. Stubbs for the land in controversy; received $500 cash consideration.

Appellants, Head and wife, instituted this suit against J. A. Moore and O. A. Stubbs, first, in form of trespass to try title; and, second, for cancellation of their deed to Moore, and to cancel lease from Moore to Stubbs, and for cause of action alleged:

That appellee Moore was employed by them as an attorney to represent them in the prosecution of a certain suit against one Blanton, "and in addition to the relationship of attorney and client thus existing, between plaintiffs and Moore * * * in February, 1920, the latter agreed as an attorney to clear up the title to the lands involved in this suit, and plaintiffs contracted and agreed to pay therefor one-half of such sum of money as might be derived from the sale of the land." That while the relationship of attorney and client existed Moore approached plaintiffs with a proposition to buy the land, stating that the title was in bad shape, but that he would pay $1,000 therefor. That, being wholly ignorant of the facts, they executed their deed for said sum. That Moore knew that the land was of great value as oil land. That at the time Moore proposed to purchase he had contracted to sell an oil and gas lease of one-half of the land for a sum of money in excess of amount paid to these plaintiffs, to wit, $4,000. That these facts were not disclosed to plaintiffs. That, if they had known the facts, they would not have executed the deed. That defendant Stubbs purchased whatever interest is claimed by him with full knowledge of the fraud. That at best he has only an equitable option, etc.

Defendants answered by general denial and not guilty. That he paid $1,000 cash, that plaintiffs do not offer to do equity by returning this money; that plaintiffs accepted money with full knowledge of the value of the land. Stubbs pleads, also, after-acquired title from Asher and wife. The case was tried before the court without a jury and judgment entered that plaintiffs take nothing, from which this appeal.

### Opinion.

[1] The first assignment urges that the court erred in rendering judgment for defendants, because the undisputed evidence showing that Moore was under employment from plaintiff to clear up the title to the land in controversy at the time he purchased the land from plaintiff no title passed. There is no finding of fact nor conclusions of law in the record, so we do not know the theory upon which the judgment was entered; but it is our duty to affirm the judgment if it can be done upon any sound reason in law, applicable to the pleadings and facts.

Appellants' propositions are: (1) That since the relationship of attorney and client

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

existed at the time of the conveyance from the plaintiffs to Moore, the burden of proof was upon Moore to prove that such sale was fair, just, and a full consideration paid, before title would pass to Moore. (2) The appellee Stubbs, not being an innocent purchaser for value, was bound by the equities existing between appellants and Moore—and other propositions to the same effect.

Appellee Stubbs' counter propositions are that, the plaintiffs being the holders of the equitable title only, they are not entitled to recover against the holder of the superior legal title until he pleads and proves an equitable reason for not timely paying the consideration, and in addition thereto making tender of the amount due, because his grantor, where the superior legal title has been retained to secure the payment of the consideration, may resell the property, and such sale will convey to the second grantee the superior title. These propositions are sound and fully sustained by the pleadings and evidence. The record discloses that J. W. Asher had the legal title, subject only to payment of moneys due the state; that he conveyed to Head for a recited consideration, and retained title to secure its payment; that, although approximately seven years had passed, Head had paid no part of the recited consideration.

[2] Asher, for a valuable consideration, $500, conveyed the legal title to O. A. Stubbs, one of the appellees, and thereby canceled the contract of sale to Head, for failure of consideration. The effect of this conveyance was to vest the legal and equitable title to the land in appellee Stubbs. Rooney v. Porch, 223 S. W. 245; Thompson v. Westbrook, 56 Tex. 265; Thompson v. Robinson, 93 Tex. 165, 54 S. W. 243, 77 Am. St. Rep. 843.

[3, 4] Head, not having paid the consideration and not by his pleadings tendering the amount nor otherwise offering to do equity, he cannot recover the legal title now vested in appellee Stubbs. Head and wife have not offered to restore the consideration of $1,000 paid to them by Moore for the land. They cannot recover the land and retain the consideration at the same time. 2 Black on Res. and Can. §§ 616, 617.

It is contended in this connection that the deed from Asher to Stubbs was not admissible in evidence, because appellants say Stubbs did not acquire any rights to the land under it. This is ruled by the holding next above.

By the second and third assignments it is asserted that the testimony of Asher, to the effect that no consideration was ever paid by appellant for the deed from Asher was not admissible over objections: (1) That it was immaterial whether appellant had fraudulently acquired the title or not; (2) that it

appeared that the notes and lien were barred by the four-year statute of limitation; and (3) that the evidence was not authorized by the pleadings.

[5] The answer to the first objection is that appellant never acquired the legal title to the land from Asher, unless he affirmatively pleads and proves, and the burden is upon him, that he paid the consideration. Two of the notes are not barred by the statute.

[6] And the fact that notes have long since been due is not proof that they have been paid, and that the vendor holding such notes to secure the lien has released the lien. Rooney v. Porch, supra.

Affirmed.