## ARMISTEAD et al. v. BENEFIELD.*
### (No. 2613.)

(Court of Civil Appeals of Texas. Texarkana. July 7, 1922. Rehearing Denied Oct. 5, 1922.)

1. **Wills** ⊚⇒54(5) — **Excerpt from instrument purporting to be will written by testator not admissible on question of mental capacity in absence of showing as to when the writing was made.**

In contest of will on the ground of mental incapacity, an excerpt from an instrument written by the deceased purporting to be a will found among his private papers after his death with signature torn off *held* not admissible on issue of mental capacity in the absence of a showing as to when the writing was made.

2. **Trial** ⊚⇒296(2)—**Refusal to instruct that proponent was required to prove testator sane at precise "time" of execution not error in view of other instruction.**

In contest of will on the ground of mental incapacity in which it was claimed that the testator was normal at times and incompetent at other times at about the time the will was executed, refusal to instruct that the burden was on proponent to prove that testator was of sound mind at the "precise time he executed the will" *held* not error in view of other instruction requiring proponent to prove that testator was of sound mind "at the time he executed the instrument" since the time he executed the will was necessarily the "precise" time he executed it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Time.]

3. **Wills** ⊚⇒302(5)—**Recital in will sufficient proof of date of execution in absence of evidence to the contrary.**

In will contest the recital in the will as to the date on which it was written and signed by the testator *held* sufficient evidence in the absence of testimony to the contrary that it was executed on such date.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Application by J. H. Benefield for probate of will of W. T. Armistead, deceased, contested by R. L. Armistead and others. From a decree for proponent on appeal from the County Court, the contestants appeal. Affirmed.

W. T. Armistead died September 1, 1920, and left a will, wholly written by himself, as follows:

"The State of Texas, County of Marion. Know all men by these presents, that I make and publish this my last will and testament and thereby dispose of all of the property that I die possessed of as follows: First: I give, devise and bequeath to my sister Mrs. Mary E. Rice of Comer, Ga., and to my other living sister Mrs. Lelia Harris, recently of Atlanta, Ga., and to my niece Mrs. Eugenia Matthews of Comer, Ga., one-half of my estate, real, personal and mixed, the same to be divided in three equal shares, and second: The residue of my estate to my niece Mrs. Ore Young and my nephews Ethel, Eidson, and third; To my nephew Jesse Eidson the 102½ acres, being the Shaw place, south of Jefferson in Marion County, Texas, and third: My law library to my brother J. A. Armistead of Galveston, Texas, and my literary library to equally in value to my nieces Miss Florine Armistead and Mrs. Eva Rice Thompson and to Missess Shirley and Zora Matthews. Fourth: To Andrew Columbus ten dollars per month for one year after my death. I make and appoint executors to my will merely to divide the land and effects between the legatees named therein, to wit: S. W. Moseley and J. H. Benefield. Written and signed with my own hand this August 12, 1920. W. T. Armistead."

Appellants contested the probate of the will when it was offered for that purpose in the county court of Marion county, on the ground (1) that the testator was without sufficient mental capacity to make a will, and (2) was unduly influenced to make the one offered for probate. On the proof made before him the county court concluded the will was entitled to probate, and rendered judgment accordingly. Thereupon appellants prosecuted an appeal to the district court, where, on the finding of a jury that the testator was of sound mind at the time he executed the will, a like judgment was rendered. This appeal is from the judgment last mentioned.

While, as stated, one of the grounds of the contest by appellants was that the testator was unduly influenced to make the will offered for probate, no testimony was adduced tending in the least degree to support the charge. The only issue made by the testimony heard was one as to Armistead's testamentary capacity at the time he made the will.

Schluter & Singleton, of Jefferson, for appellants.

F. H. Prendergast, of Marshall, and J. H. Benefield, of Jefferson, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] At the trial appellant offered as evidence the first paragraph of an instrument written by the deceased (at a time not shown) and found among his private papers after his death, described in the bill of exceptions, as an "old mutilated will with signature torn off." Said paragraph of the instrument was as follows:

"In the name of God, amen: I, W. T. Armistead, a bachelor, being of sound mind and dis-

posing memory and desirous of disposing of my worldly affairs while I have strength and intelligence so to do, do make and publish this my last will and testament, revoking all former wills heretofore by me made," etc.

On appellee's objection thereto on the ground that same was irrelevant and immaterial the court excluded the excerpt from the instrument. Appellants insist the action of the court was error which entitles them to a reversal of the judgment, and cite Brown v. Mitchell, 87 Tex. 140, 26 S. W. 1059, as supporting their contention. In that case the Supreme Court said that acts done or declarations made by a testator "before, at the time of, or after the making of the will," which tend "to throw light upon the condition of his mind at that time, were admissible in evidence," and that "the making of a former will stands upon the same footing as declarations made, and evidence concerning that fact would be admissible under the same circumstances." That the testimony excluded was not within the rule is plain. It did not tend to throw light upon the condition of the deceased's mind at the time he made the will in question here, and would have been without any probative force whatever had it been admitted.

[2] Having instructed the jury that the burden was upon appellee "to show that W. T. Armistead was of sound mind at the time he executed the instrument," the trial court refused to give a special charge requested by appellants that the burden was on appellee "to show that W. T. Armistead was of sound mind at the precise time he executed the will." The difference between the instruction given and that refused lies in the fact, it will be noted, that the word "precise" was used in the one refused, and was not used in the one given. The contention that it was error to refuse to give the special charge is predicated on testimony which, appellants insist, showed "that the testator was at times and frequently [quoting] unable to know or understand anything," and at other times "appeared to be perfectly normal in mind." The argument is that the burden was therefore on appellee to show the condition of the testator's mind at the "precise" time he executed the will. That, in effect, was what the trial court told the jury. The time the testator executed the will necessarily was the "precise time" he executed it, and not some other time.

[3] Another contention urged by appellants is that the testimony did not warrant the finding of the jury that the testator was of sound mind at the time he made the will. The contention is predicated, it seems, on testimony that the testator acted queerly and did not appear to know what he was doing at times, and on the absence of testimony showing when the will was made,

otherwise than by its date, and the absence of direct testimony showing the condition of the testator's mind while he was writing and when he signed the instrument. The will purported on its face to have been written and signed by the testator on August 12, 1920. That was sufficient evidence, in the absence of testimony to the contrary, that it was executed on that day. 40 Cyc. 1424; Locoste v. Odam, 26 Tex. 458. While there was no testimony showing the particular time during that day when the testator executed the will, and no direct testimony showing the condition of his mind at the time he signed it, there was ample direct testimony as to the condition of his mind on that and all other days to authorize an inference that he possessed testamentary capacity at all times during that day. Indeed, as we construe it, the testimony, while conflicting in some respects, was amply sufficient to support a finding that there never was a time when the testator lacked testamentary capacity, and we doubt if it could be held to have supported a finding to the contrary had one been made by the jury.

The judgment is affirmed.