## CRAWFORD et al. v. KENNEDY et ux.
### No. 4580.

Court of Civil Appeals of Texas. Texarkana.
Nov. 21, 1934.

Rehearing Denied Dec. 6, 1934.

Abney, Bath & O'Banion, of Henderson, for appellants.

Young & Wynne, of Henderson, for appellees.

SELLERS, Justice.

Appellees, M. J. (Major) Kennedy and wife, Mary E. Kennedy, brought this suit in the

544

district court of Rusk county against Sam Crawford and Ohyler Webb to cancel a certain mineral deed recorded in Deed Records of Rusk county in Vol. 213, page 389, on the alleged ground that appellees' signatures thereto were a forgery. The evidence was conflicting as to whether the appellees were the parties who signed and acknowledged the deed. The deed was dated and acknowledged on April 11, 1932. No evidence was introduced that it was executed on any other date. The court submitted to the jury the following issue:

"Do you find from a preponderance of the evidence in this case that the plaintiffs, Major Kennedy and wife, Mary E. Kennedy, on April 11, 1932, did not sign, acknowledge and deliver to Sam Crawford the instrument introduced in evidence in the case purporting to convey oil and gas and royalty interest in the Hobson Survey located in Rusk County, Texas?"

Answer: "They did not."

Upon the jury's finding, the court entered judgment for appellees canceling the deed as a forgery, and appellant has appealed to this court.

The appellant has assigned error by the trial court in limiting the consideration of the jury to the date of April 11, 1932, in determining whether the appellees executed the deed, the contention being that the jury should not have been limited to any particular date. We are unable to agree with this contention. It is the trial court's duty to submit only the issues of fact made by the evidence. Boyd v. Guinn (Tex. Civ. App.) 44 S.W.(2d) 1112, 1113. The deed involved being dated April 11, 1932, is presumed to have been executed on that date. S. A. Lacoste v. S. W. Odam, 26 Tex. 458; W. T. Carter & Bro. et al. v. Bendy (Tex. Civ. App.) 251 S. W. 265. And there being no evidence that appellees executed it on any other date, the court properly limited the issue to that time.

Appellant assigns as error the use of the word "purporting" in the issue submitted to the jury on the ground that the same as used was a charge upon the weight of the evidence, in that it assumes and tells the jury that the deed in controversy did not convey any interest in the minerals but only purported to do so, thus placing the burden upon the appellant to prove that the deed did convey some interest in the minerals. We think the word as used in the court's charge to the jury was used only in a descriptive sense, having reference only to and for the purpose of identifying the instrument sought to be canceled. The pleadings and evidence make no issue as to what property was conveyed by the deed, and for that reason we fail to see how the use of this word could in any way have affected appellant's rights.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.