**ESTATE of A. M. McKINNEY, Deceased, Audrey Jolly, Appellant,**

v.

**Charles E. HAIR, Appellee.**

No. 4744.

Court of Civil Appeals of Texas.

Waco.

Nov. 7, 1968.

Rehearing Denied Nov. 27, 1968.

Dunnam, Dunnam & Dunnam, Waco, Robert D. Peterson, Charles E. Reagan, Marlin, for appellant.

Robert G. Carter, Marlin, for appellee.

OPINION

WILSON, Justice.

Proponent of a self-proved will appeals from a district court judgment denying probate on an instructed verdict.

The grounds of the motion for instructed verdict were (1) that there was no showing

the court had jurisdiction and venue, and (2) there was no showing the will had not been revoked.

Contestant's position on the first ground is that there is no evidence to show testator was a resident of Falls County where the application was filed. He urges that the death certificate which shows decedent resided in that county was admitted for the limited purpose of showing the fact of death, and not to establish residence to show venue under Sec. 88 of the Texas Probate Code, V.A.T.S.

The will itself was admitted in evidence without objection. In it the testator recited: "I, Albert McKinney, of Falls County, Texas." * * *

Recitals and declarations "in the will as to the testator's residence ordinarily carry great weight, and will be accepted in the absence of a showing of a change of residence before death." 95 C.J.S. Wills § 418, p. 344 and authorities cited. See Lacoste v. Odam, 26 Tex. 458, 459, 460; Armistead v. Benefield, Tex.Civ.App., 244 S.W. 391, syl. 3, writ dism.; Nichols v. Rowan, Tex.Civ. App., 422 S.W.2d 21, writ ref., n. r. e. We hold the record is sufficient to show residence, jurisdiction and venue.

The second ground of the motion is equally untenable. The rebuttable presumption of continuity that the will has not been revoked meets proponent's burden in this case. Contestant offered no evidence to overcome the presumption. There are no circumstances suggesting revocation or casting suspicion on the genuineness of the will. See Ashley v. Usher (Tex.Sup.1964) 384 S.W.2d 696, 698; McElroy v. Phink, 97 Tex. 147, 76 S.W. 753; Wilson v. Paulus, Tex.Com.App., 15 S.W.2d 571, 573; May v. Brown, 144 Tex. 350, 190 S.W.2d 715, 165 A.L.R. 1180; Womack v. Woodson, Tex.Civ.App., 169 S.W.2d 786; Redmond v. Redmond, Tex.Civ.App., 127 S.W.2d 309.

It is not necessary to pass on appellant's additional point.

Reversed and remanded.