VALENTINE SHERRING ET AL. V. GABE AUGUSTUS ET AL.

No. 922.

1. **Homestead—Husband's Reconveyance for Unpaid Purchase Money—Fraud Upon Wife.**

The husband has power to settle a vendor's lien debt upon land subject to which it has been made the homestead, but he cannot, under guise of such settlement, make a conveyance of the homestead in fraud of the wife's rights.

2. **Same.**

Where the husband's deed of the homestead, reciting that it is made in satisfaction of purchase money notes which are a lien on the land, is made without the joinder or knowledge of the wife, she is entitled to recover the property upon showing that the notes had already been paid.

3. **Same—Fact Case—Fraud Not Shown.**

Where the husband alone re-conveyed to the vendor the homestead, for which $40 had been paid in cash, and a vendor's lien note given for $237.32, in satisfaction of $201 remaining due and unpaid on the note, and such vendor, on the next day, sold the land to another for $350, this was insufficient to show that the transfer was in fraud of the wife.

APPEAL from Fort Bend. Tried below before Hon. T. S. REESE.

*Pearson & Pearson, John A. Ballowe* and *O. D. Kirkland,* for appellants.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant Sherring brought trespass to try title against Gabe Augustus and his wife, Peggy, to recover twenty-five acres of land. Gabe Augustus died after the suit was brought, and his children were made defendants, and, with his widow, are the appellees. The pleadings raised the questions discussed.

The land had belonged to J. W. Blakely, and was sold by him to Gabe Augustus, March 27, 1886, for forty dollars cash and a note for $237.32, given by Augustus for the balance of the purchase money. A deed was made which truly recited the consideration and reserved to the vendor a lien to secure the payment of the note. Augustus, with his family, occupied the land and improved it as their homestead, clearing and fencing about eleven acres and building a cabin. The value of these improvements is not shown. On the 10th day of December, 1888, Gabe Augustus executed a deed to Blakely reconveying the land, reciting the consideration as follows: "Two hundred and one dollars paid me by J. W. Blakely as follows, the same being a note for $201 given by me to said Blakely on the 27th day of March, 1886, for the purchase money of the following described premises, which were sold to me by the said Blakely." On the next day Blakely, by warranty deed, sold the premises to Sherring for $350, which was paid.

At this time Augustus and wife were still in possession. The wife did not know of the making of the deed to Blakely until two days after its execution, and then refused to join in it, claiming the premises as her homestead, and subsequently refused to deliver possession to Sherring, and this suit was the consequence. Both Blakely and Sherring knew the land was the home of Augustus.

The defendants claimed in their pleadings, that all of the purchase money, except about fifty dollars, had been paid when the deed was executed by Gabe Augustus to Blakely, and that that deed was made fraudulently to deprive the wife of her homestead right in the property.

Evidence was introduced tending to show that all, or nearly all, of the purchase money had been paid, but the court below held that it was immaterial whether such was the fact or not, and made no finding as to it. The court held, in effect, that the possession of the parties did not charge Sherring with notice of any homestead right inconsistent with the deed to Blakely; and that, as to Sherring, the recital in the deed of the balance due on the land of $201 was to be taken as true; but that the sale of the property for that price, when it was worth and sold for $350, and had been improved, was inequitable and unjust to the wife, and was therefore a fraud upon her; and that these circumstances were sufficient to charge Sherring with notice of the fraud and to avoid the conveyance. The value of the place as sold to Sherring was found to be $350, and hence the fact of improvements, it seems to us, adds no strength to the findings.

We think that the case cannot be properly adjudicated without an ascertainment of the facts as to the payments made by Augustus before he made the deed to Blakely. The legal title remained in Blakely until the purchase money was paid, and, after breach of the contract by the failure of the vendee to pay, he had the right to rescind at a proper time and under proper circumstances. A conveyance of the land to another than the original vendee is an exercise of this right, and if made when the vendor is entitled to rescind, has the effect to defeat even the right of the first vendee to redeem. At the least, it passes whatever right to the land the vendor may have.

If, therefore, the purchase money was not all paid when Blakely conveyed to Sherring, his deed to the latter, unaided by the conveyance from Gabe Augustus, passed the legal title and entitled Sherring to recover upon it unless defendants were still entitled to redeem. The pleadings of defendants, in order to defeat this right, alleged payment of all of the purchase money except a small balance, and offered to pay that. But the court did not make the necessary findings to get at the rights of the parties. Their rights, unaffected by the conveyance from Gabe Augustus to Blakely, are to be determined upon principles of equity which have been sufficiently laid down by the Supreme Court. Kennedy v. Embree, 73 Texas, 388; Hamblen v. Folts & Walsh, 70 Texas, 132; Ransom v. Brown, 63 Texas, 188; Nass v. Chadwick, 70 Texas, 157. Assuming, as the court below did, that the sum of $201 was still due upon the purchase money, it was not correct to render judgment against the holder of the legal title, without an adjustment of equities as to which no inquiry was made. Whether or not defendants could still redeem the land, we cannot now enquire, because that question was not tried in the court below, and all of the facts which may affect it are not developed. Of course, if the purchase money had all

been paid to Blakely, otherwise than by the conveyance of the land back to him, that put an end to his legal title.

It is well settled that the husband has power to adjust and settle liens and prior equities upon land subject to which it has been made the homestead. This principle was fully recognized in the lower court. The husband cannot, however, under the guise of such a settlement, make a conveyance of the homestead in fraud of the wife's rights. The husband cannot make a conveyance for the purpose of paying purchase money when no purchase money is owing; and, in our opinion, a false recital by him in the deed that the consideration is unpaid purchase money cannot, by itself, protect the purchaser against the wife's homestead right, though he believe such recital and buys on the faith of it. The husband's power to convey the homestead depends upon the actual existence of the fact upon which it is based. A purchaser of property under a deed, signed by a husband only, knowing that it is homestead, is charged by law with knowledge that such deed is ineffectual to pass the homestead, unless the existence of some lien or charge or other claim superior to the homestead right invests the husband with power to convey in settlement of it. He takes his conveyance from one party where the concurrence of two is essential to pass title, unless a particular fact exists. He cannot safely rely on the assertion of the fact by the party making the conveyance. The wife, in such case, does nothing to mislead anyone. She has no means of giving notice of her homestead rights except by occupancy and use of the property. That possession, in our opinion, puts all persons upon notice of her right and makes it incumbent upon them, if they would accept the deed of the husband, to ascertain the facts which give him power to convey without her concurrence. Until by her acts she has given a purchaser the right to rely upon her husband's power to convey, she is not precluded, by the purchaser's ignorance of facts, from showing the truth. The cases where the wife joins the husband in a deed conveying the homestead, or otherwise, by her own act, authorizes a purchaser to act on an assumption of certain facts, are not in point. Eylar v. Eylar, 60 Texas, 315.

By what we have said we do not mean to deny the power of the husband to fairly adjust claims asserted against the homestead which may be doubtful or disputed, as well as those which are undisputed. But whatever may be the state of facts relied on to sustain his conveyance, it must have a real existence, and the assertion by the husband of a fact authorizing his conveyance, believed and relied on by the purchaser, when such fact has no existence, cannot supply its place.

But we do not think the difference between the price which Sherring paid and that for which Augustus reconveyed is sufficient to authorize the court to hold that, if the $201 were really owing, the reconveyance to Blakely was a fraud. Much must be left to the discretion of the husband in the management of such matters, and when facts exist to fairly call into exercise his judgment and discretion, we do not think the court should review and set aside his action merely because, in its

opinion, he acted unwisely. He is necessarily left by the law the judge of such questions, and it is against his frauds on the wife and not his imprudence that courts are to give relief. The amount of purchase money due may be so small as to show that the sale was fraudulent, but we do not think the facts found by the court are sufficient to raise that inference.

*Reversed and remanded.*

Delivered October 17, 1895.