## J. F. STANDIFER v. T. K. WILSON.

No. 840. Decided January 15, 1900.

1. **School Land—Purchase—Default—Rescission—Constitutional Law.**

A purchase of school land under the Act of July 8, 1879, which provided for forfeiture, on default in payment, by judicial ascertainment, could be rescinded by forfeiture for nonpayment of interest, declared by the Commissioner of the General Land Office under the subsequent Act of March 5, 1897. (Pp. 235, 236.)

2. **Same—Statutes Construed.**

All the terms of the contract between the State and the purchaser under the Act of 1879 were contained in sections 6 to 10 of that act; the provision for judicial forfeiture contained in section 12 was not a contract with the purchaser that such remedy should be exclusive; the original contract was executory, subject to rescission by the vendor on default of the purchaser,—a right not enforceable, however, till the State, by the Act of 1897, designated the person who should exercise its election as vendor to declare the rescission; and this was not unconstitutional as being retroactive, or a law impairing the obligation of the contract. Fristoe v. Blum, 92 Texas, 76. (Pp. 236-238.)

3. **Constitutional Law—Contract—Existing Law.**

The laws which become a part of contracts made during their existence are those which determine and fix the obligation of the contract, not laws of mere procedure, prescribing remedies. (Pp. 236, 238.)

4. **Constitution—Retroactive Law—Impairing Contract.**

Though a specific remedy provided by contract constitutes a part of it and can not be changed by legislation, and existing remedies can not be so altered as to take away or impair contract rights, the creation of an additional remedy for enforcing a right existing from the formation of the contract is not unconstitutional. (P. 238.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from Tom Green County.

*A. R. Burgess,* for appellant.—The Act of March 25, 1897, related only to the remedy and authorized the forfeiture of the Dolan purchase without the necessity of re-entry or judicial ascertainment, and was therefore constitutional and valid, and did not impair the obligation of his contract with the State. ' Acts 1897, ch. 28, pp. 23 to 27; 1881, ch. 105, pp. 119 to 122; 1897, ch. 37, pp. 39 and 40; Fristoe v. Blum, 92 Texas, 76; Millett v. McCombs, 48 S. W. Rep., 1119; Waggoner v. Flack, 52 S. W. Rep., 584.

The Act of March 25, 1897, relating only to the remedy, the forfeiture declared August 20, 1897, for nonpayment of interest then due, was not premature, and the Commissioner of the General Land Office was warranted by said act in declaring a forfeiture for nonpayment of interest due on the 1st day of November prior to the time said act became a law. Fristoe v. Blum, 45 S. W. Rep., 998; Millett v. McCombs, 48 S. W. Rep., 1119; Bender v. Crawford, 33 Texas, 745; De Cordova v. City of Galveston, 4 Texas, 470.

The forfeiture of the Thomas Dolan purchase made and entered August 20, 1897, was constitutional and valid, because when said Dolan and his vendees failed to pay the interest due to January 1, 1896, the State had her common law right of rescission. Fristoe v. Blum, 92 Texas, 76; Millett v. McCombs, 48 S. W. Rep., 1119; Lanier v. Foust, 81 Texas, 189; Thurston v. Blanchard, 33 Am. Dec., 700, and note; Sheldon Axle Co. v. Schofield, 85 Mich., 177; Waggoner v. Flack, 52 S. W. Rep., 584; Sutherland v. DeLeon, 1 Texas, 305; Johnson v. Taylor, 60 Texas, 362; Moore v. Letchford, 35 Texas, 186; Bronson v. Kinzie, 1 How., 311; Cool. Const. Lim.. 5 ed., 346-350; Bronson v. Newberry, 2 Doug. (Mich.), 38.

*Hill & Wright,* for appellee.—The Act of July 8, 1879, under which appellee holds title, having provided a remedy by judicial proceedings to forfeit the contract of purchase for nonpayment of the annual interest, that act became a part of the contract between the State and the purchaser and his vendees, and the Act of March 25, 1897, or any other act of the Legislature which authorized a forfeiture of that contract of purchase without judicial ascertainment or proceedings was and is in contravention of section 10, article 1, of Constitution of United States, as impairing the obligation of the contract, and the forfeiture declared August 20, 1897, by the Commissioner of the General Land Office, of the contract under which the appellee held and claimed title, having been made by virtue of the Act of March 25, 1897, without any judicial proceeding, was therefore illegal and void, and did not affect appellee's title. Acts Spec. Sess., 1879, chap. 28, sec. 12, p. 26; Acts of 1881, p. 119; Acts of 1897, p. 39; Loan Co. v. Hardy, 86 Texas, 612; Cattle Co. v. Bacon, 79 Texas, 15; Boone v. Miller, 86 Texas, 80; Fristoe v. Blum, 92 Texas, 76; Miller on Const. U. S., 531; Cool. Const. Lim., 332, 346; Suth. Stat. Const., sec. 474; Fletcher v. Peck, 6 Cranch, 87; McCracken v. Hayward, 2 How., 608; Bronson v. Kinzie, 1 How., 311; Brei-

tenbach v. Bush, 44 Pa. St., 313; Billmeyer v. Evans, 40 Pa. St., 327; Hansen v. Wilson, 19 Pac. Rep., 717; Johnson v. Fletcher, 54 Miss., 628; Aycock v. Martin, 37 Ga., 124; State v. Carew, 13 Rich. Law, 498; Webster v. Rose, 6 Heisk., 93; Von Baumbach v. Bade, 9 Wis., 559; Black's Const. Prohib., sec. 149.

The forfeiture declared August 20, 1897, was premature, because, prior to the Act of March 25, 1897, there was no authority in the Commissioner of the Land Office to forfeit without judicial ascertainment contracts which provided for such forfeiture through judicial proceedings, and said act could not be made to apply to past defaults without violating section 16, article 1, of the Constitution of Texas, prohibiting retroactive laws. Acts 1897, chap. 28, sec. 12, p. 26; Acts 1897, p. 39; Suth. Stat. Const., sec. 322.

A common law rescission could not be had of a sale of public free school lands, because prohibited by section 4, article 7, of the Constitution of Texas. Const. of Texas, sec. 4, art. 7; Acts 1879, chap. 28, sec. 12, p. 26; Barker v. Torrey, 69 Texas, 7; 21 Am. and Eng. Enc. of Law, pp. 84-92.

The right of the State to change or alter the remedy relates to the judicial remedy which the law gives for the enforcement of contract, and not to remedies which the parties have provided for in their contract. Cargill v. Power, 1 Mich., 369; Black's Const. Prohib., secs 139, 146.

WILLIAMS, ASSOCIATE JUSTICE.—The questions embraced in the following certificate are presented for our decision by the Court of Civil Appeals for the Third District.

"The land involved in this suit is public free school land, the sale of which was authorized under the Act of the Legislature of Texas, approved July 8, 1879, and the amendment thereto, approved April 6, 1881, and was duly and regularly placed upon the market for sale under said acts, when one Thomas Dolan became the purchaser thereof, complying with the provisions of the law in affecting the purchase. The appellee claims title under the Dolan purchase. Default in payment of the interest due under the Dolan purchase having been made January 1, 1896, the Commissioner of the General Land Office, on August 20, 1897, declared a forfeiture of said purchase, without re-entry or judicial ascertainment, and the land was duly and regularly reclassified and appraised under chapter 47 of the Acts of 1895, and the amendment thereto, chapter 129, Acts of 1897, and placed upon the market and purchased by appellant as an actual settler. The forfeiture declared August 20, 1897, was under and by virtue of the Act of the Legislature of the State of Texas, approved March 5, 1897. The contention of appellant is that this forfeiture was valid and his purchase thereafter vested in him title to said land, subject to the payment of the purchase money therefor to the State. The contention of appellee is that the forfeiture declared August 20, 1897, whether done by virtue of the Act approved March 5, 1897, or any other act of the Legislature, was invalid and did not af-

fect his right in the land, because the Dolan purchase, under which he held title, having been made under the Act approved April 6, 1881, which provided for a forfeiture on default of payment of interest by a judicial ascertainment, that method of forfeiture or rescission became and was a part of the contract, and any subsequent act of the Legislature which authorized a forfeiture of a purchase under said act without judicial ascertainment was an impairment of the obligation of contract, and is in violation of section 10, article 1, of the Constitution of the United States. The question was submitted to the court below, which held the forfeiture invalid, and rendered judgment for the appellee.

"The above statement is taken from the brief of appellee, which we find substantially correct. The Court of Civil Appeals, through its Chief Justice, certifies to the Supreme Court, under the facts as stated, the following questions:

"1. Did the State, through its Commissioner of the General Land Office, without judicial proceedings, have the authority to legally declare a forfeiture of the Dolan title on account of the failure to pay the interest, as stated?

"2. Are the principles of law, as decided by the Supreme Court of this State in the case of Fristoe v. Blum, 92 Texas, 76, applicable and controlling of the question certified?"

In the case of Fristoe v. Blum, it was affirmed that when the State becomes a party to a contract with a citizen, the same law applies to it as under like conditions governs the contracts of individuals, and when the contract in any form comes before a court, the rights and obligations of the contracting parties must be adjudged upon the same principles as if both the contracting parties were private persons. Applying the proposition to a contract for the sale and purchase of school lands, under the Act of 1883, it was further said that, on the one hand, the rights of the purchaser were the same as if the vendor had been a citizen instead of the State, and that so long as he complied with his obligation to pay interest as it matured, the State could not deprive him of the land; and, on the other, that upon his breach of his obligation by a failure to pay interest, the State had the same right which an individual, under a like contract, would have had to rescind the sale and to resume control of the land. The statute under which the sale in question in that case was made provided, in terms, for a nonjudicial forfeiture upon default in payment of interest installments, which provision was conceded, for the purposes of the decision, to have been subsequently repealed; but it was held that authority could be given to the Commissioner of the Land Office, by a still later statute, to exercise the State's right of rescission arising from the purchaser's breach of his obligation to pay the interest. As to this the court said:

"But it is said that a construction of section 11, which would give to the Commissioner of the General Land Office the authority to enter a forfeiture as in this case, would render the act unconstitutional, because it would be giving to it a retroactive effect by which it would vio-

late the obligation of the contract. A sufficient answer, so far as this case is concerned, to that proposition would be that this contract was entered into when such a law existed and provided for the doing of the very thing that the Commissioner has done, and the repeal of that law could not constitute on the part of the State, an obligation that it should not be restored in the future. We prefer, however, to put this decision upon the broader ground and stronger position that where a right exists the Legislature may give a new remedy, provided it does not deprive either party of a substantial right. Sutherland v. De Leon, 1 Texas, 305; Johnson v. Taylor, 60 Texas, 362."

Neither that decision nor the principles declared in the opinion are questioned by appellee, but his counsel contend that this case is not governed by them, because the Act of 1879, under which the contract here in question was made, provided for a judicial forfeiture of the rights of the purchaser for nonpayment of interest, and that the Act of 1897, which undertook to substitute action by the Commissioner of the General Land Office, if applicable to such contracts, is unconstitutional, both because it is retroactive and because it impairs the obligation of contracts. This contention is based upon the assumption that the provision of the Act of 1879 for a judicial forfeiture became a part of the contract and fixed, by the agreement of the parties, the only method of determining the rights of the purchaser for default in payment of interest. If the provision referred to is to be considered a term of the contract specially providing for such a remedy, it may be true that it should be treated as prescribing the exclusive mode of rescission, or, in the language of the act itself, of "forfeiture," and that a subsequent law which undertook to substitute another mode would be subject to the objection urged.

On the other hand we think it must be conceded that if the statute of 1879 simply had the effect of providing for the breach of the contract a remedy which was not stipulated for in the contract itself and which was not, in itself, essential to the full enjoyment or exercise of the rights or the enforcement of the duties arising from it, but which could be supplanted by another remedy without taking away or impairing such rights and duties, a subsequent statute merely working such a change in the remedy would not be repugnant to any constitutional provision.

The statute required that, after the preliminaries by which the land was to become subject to purchase had been arranged, a person desiring to purchase should make application to the surveyor, designating the land intended; that the surveyor should record the application and deliver it to the applicant; that the applicant should forward the application, with one-tenth of the appraised value of the land, to the State Treasurer; that the Treasurer should enter such payment to the credit of the applicant and issue and forward his receipt for such payment, together with the application, to the Commissioner of the Land Office; that the Commissioner should file the application and receipt in his office and issue his certificate, stating the amount paid to the Treasurer and

the quantity and valuation of the land applied for, which should authorize the surveyor to survey the land and enter the same on his books as sold, and that he should not entertain another application to purchase the same land until notified of their forfeiture "as hereinafter specified;" that so soon as the application had been received by the surveyor, the applicant should execute his obligation for the balance of the appraised value of the land, stipulating to pay one-tenth of such amount on the first day of January of each year, with 10 per cent interest on such amount of the principal as may be due at the date of each payment; provided, that the purchaser might pay the entire purchase money at date of purchase or such amount of principal and interest as might be due at any time subsequent; and that any payment of principal, except the first, might be deferred for one or more years, but all payments of principal and interest "must be made" in ten years and all interest "must be paid" annually on or before the first day of March of each year; that upon presentation of the certificate of the Commissioner, the surveyor should survey the land and record and forward to the Commissioner the field notes, and the obligation for purchase money should be forwarded to the Commissioner and by him registered and delivered to the Treasurer.

These provisions are contained in sections 6, 7, 8, 9, and 10 of the act.

Section 12 provides that if, upon the first day of March following the maturity of any payment, the interest thereon has not been paid to the Treasurer and his receipt filed with the Commissioner, the latter shall notify the proper county or district attorney of such failure and the latter shall institute proceedings to forfeit the purchase, and thereon judgment of forfeiture shall be entered, upon failure of the purchaser to show that the interest has been paid, as provided, and upon receipt of such judgment, the Commissioner shall indorse the application of the purchaser forfeited, and the land shall then be subject to resale.

The Act of 1897, under which the Commissioner took the action the effect of which is in question. authorized the Commissioner, when any portion of the interest due by purchasers of such lands has not been paid, to declare a forfeiture of the purchase without judicial aid and gave to his action the effect of putting an end to the contract. That this statute, by its terms, applies to cases such as this, is not disputed.

We think it clear that all of the terms of the contract between the State and a purchaser, under the Act of 1879, are contained in sections 6, 7, 8, 9, and 10, above outlined, and their rights, the obligations of their contract, arise from a compliance with those provisions. The contract there provided for is an executory contract of sale and purchase which arises upon acceptance of and compliance with the stated terms of the offer made by the State for the sale of the lands. The purchaser presents his application, makes the cash payment, causes the land to be surveyed, and executes his obligation to perform the things

to be done in the future. The contract then is complete and its terms are fixed. Jumbo Cattle Co. v. Bacon & Graves, 79 Texas, 12. Both the State and the purchaser are bound, so long as there is compliance with the obligation, the purchaser to make the further payments, and the State, upon completion thereof, to grant the land to the purchaser. But no title passes and a right of rescission in the State may arise just as it might arise in an individual upon default in performance on the part of the other party.

This right might be exercised either by legislative act or by the act of some officer properly empowered thereto. This is the doctrine of Fristoe v. Blum. The statute of 1879 does not give authority to any officer to rescind without judicial action, but the right of rescission existed in the State and its exercise might be subsequently authorized through the lawmaking power; and an exercise of it, based upon the default of the other party, would not be a denial of any right of his. It could only be held that the right of rescission, for default of the purchaser, did not exist, by holding that the contract had provided that it should not exist, or that it should be exercised in a particular manner. But the contract embraces no such provision. There is no undertaking on the part of the State with the purchaser that the remedy prescribed in this statute, and no other, shall be pursued, unless it is to be implied from the mere presence of the provision in the statute; and we think it well settled that no such implication arises. In the proposition often stated in the decisions, that parties contract with reference to existing laws and that such laws become a part of the contract, the reference is to those laws which determine and fix the obligation of the contract, the correlative rights and duties springing from it, and not to laws of mere procedure prescribing remedies. With reference to these, there is ordinarily no obligation arising, but the contract is made in contemplation of the power of the Legislature to change them. Of course, all remedy can not be taken away, nor can the existing remedy be so altered as to take away or impair any of the rights given by the contract as interpreted by existing law.

It is also true that a specific remedy provided by the contract itself can not be changed by legislation, because it constitutes a part of the contract. Loan Co. v. Hardy, 86 Texas, 610.

But none of these limitations on legislative power are applicable to this legislation. The Act of 1897 simply enforces a right which existed in the State from the formation of the contract. It takes away no right of the purchaser, unless it can be said that he had the right to demand that the particular remedy provided by the Act of 1879 should be followed. This could only be true if the contract made that remedy exclusively applicable. which was not the case.

That prompt payment of interest installments was made an essential part of this contract is made very clear by the terms of the statute as well as by its purpose to provide available funds annually for the sup-

port of the public schools, and that a breach of his obligation to make such payment, on the part of the purchaser, gave the State the right to rescind the contract is equally clear. If the facts did not exist to authorize the action taken by the Commissioner, that could be made to appear whenever such action came in question in the courts, and thus the purchaser could be deprived of no right by such action. The statute could only be taken as authorizing rescission when the right of rescission existed. .

We think it also plain that such a statute is not forbidden by section 4, article 7, of the Constitution, which forbids the Legislature to grant · relief to purchasers of school lands.

We answer both questions in the affirmative.