### Peter McKinley v. Seaton Keath.

Decided December 12, 1900.

**1. Sale of School Land—Nonpayment—Rescission.**

The statute which authorizes forfeiture of the rights of a purchaser of school land on nonpayment of interest, by indorsement made by the Commissioner of the General Land Office, being the mere exercise of the right by a vendor in an executory contract to rescind on failure of the vendee to pay, is valid (Fristoe v. Blum, 92 Texas, 76; Standefer v. Wilson, 93 Texas, 232), and does not depend upon the life of the vendee but may be enforced against his estate and heirs.

**2. Same—Time of Forfeiture.**

Under the terms of the statute the Commissioner is not bound to act, in making entry of forfeiture, on the first day of November, but may do so at any time thereafter while the purchaser continues in default.

Appeal from Tom Green. Tried below before Hon. J. W. Timmins.

*D. D. Wallace,* for appellant.

*T. C. Wynn* and *Joseph Spence, Jr.,* for appellee.

Key, Associate Justice.—From a judgment in favor of the plaintiff, in an action of trespass to try title, the defendant has appealed, and submits the case on the following agreed statement of facts:

"1. That the land sued for by plaintiff and described in plaintiff's petition, to wit, the north one-half and the southwest one-fourth of survey No. 196, District No. 11, Southern Pacific Railroad Company, is situated in Tom Green County, Texas, is and was from and after its survey public free school land, and that prior to the 1st day of January, A. D. 1884, the land in controversy had been duly classified by the Commissioner of the General Land Office, appraised and placed upon the market for sale.

"2. That in January, 1884, said land was sold by the land board to M. P. Sullivan under the Act of April 12, 1883, and that the law was complied with in said purchase and all the interest due on the same was paid by him up to January 1, 1890; that Sullivan died the 31st day of July, 1890, and Eugene Thorp qualified as executor under the will of M. P. Sullivan January 7, 1891, and that said Thorp as executor of the will of M. P. Sullivan made all interest payments due on said land to the State up to January 1, 1895.

"3. That from and after the 1st day of January, 1895, neither the said Eugene Thorp, executor of the will of M. P. Sullivan, nor any of the heirs of said Sullivan, ever paid or offered to pay any interest upon such purchase of said land. And that upon August 20, 1897, the Commissioner of the General Land Office declared such land forfeited for the nonpayment of interest due thereon from the 1st day of January, 1895, to the date of such forfeiture.

"4. That subsequent to the date of forfeiture and prior to the 13th day of September, A. D. 1897, the Commissioner of the General Land

Office classified said land as dry grazing land, appraised it at one dollar per acre, and again placed said land upon the market for sale.

"5.  That upon the 13th day of September, A. D. 1897, plaintiff made his application in due and legal form to purchase said land as additional lands as provided for in title 86, chapter 12a, of the Revised Statutes of 1895 and the amendments thereto by the Act of May 19, 1897.  That plaintiff at the time he made application to purchase caused to be paid to the State the cash payment due thereon as per terms of the law and said application, and at such time executed his note for the balance due the State as per application, and in all things complied with the law in the purchase of said land.

"6.  That upon the 2d day of February, 1898, the Commissioner of the General Land Office awarded to plaintiff the land in suit and that plaintiff has never defaulted in the payment of any sums due the State under such purchase, and that all interest due the State upon such purchase has been paid as the same has become due, and that such sale of said land to plaintiff is now in good standing.

"7.  That prior to plaintiff's said application to purchase said land, at the time of said application, and subsequent thereto, plaintiff in good faith owned, occupied, and lived upon survey No. 2502, certificate No. 511, patented to G. H. Sherwood by patent No. 581, volume No. 32, as his homestead, which survey is owned by plaintiff in fee simple and has been occupied by plaintiff as his home continuously for ten years up to the present time, and the land in controversy is within a radius of five miles of such home survey.

"8.  That after the land in controversy was awarded to plaintiff, on to wit, the first day of March, 1898, all back interest due on the Sullivan purchase was tendered to the State Treasurer and by him refused on account of said forfeiture, and since said time the defendant has been ready and willing to pay the interest on the Sullivan purchase."

Appellant's brief asserts two propositions, which are, (1) that after the death of Sullivan, the first purchaser, the Commissioner of the General Land Office had no power to declare the sale to him forfeited for nonpayment of interest; and (2) that the Commissioner had no power to declare a forfeiture except on the first day of November.

Under the doctrine announced in Fristoe v. Blum, 92 Texas, 76, and Standefer v. Wilson, 93 Texas, 232, the first contention can not be sustained.  In the cases cited, the statute which authorizes an ex parte forfeiture of a sale of public land for nonpayment of interest was upheld on the ground that it merely provides a method by which the State, as vendor in an executory contract, can rescind a sale upon failure to pay the purchase money, as can an individual vendor.  The right of a vendor to rescind a contract of sale for nonpayment of the purchase money does not depend upon the life of the vendee.

In reference to the time of forfeiture, it is sufficient to say that the statute, even when literally construed, does not require it to be done on the first day of November.  It reads thus: "If upon the first day

of November of any year the interest due on any obligation remains unpaid, the Commissioner of the General Land Office shall indorse on such obligation 'Land Forfeited,'" etc.   The statute does not require the Commissioner to take action on the first day of November, but does make it his duty to declare the forfeiture at some time thereafter, if the interest remains unpaid on that day.

There is no merit in the appeal, and the judgment is affirmed.

*Affirmed.*