### JOE MINOR v. THE STATE.

No. 11041.    Delivered April 18, 1928.

**1.—Murder—Corpus Delicti—Evidence Sufficient.**

Where, on a trial for murder, while the circumstances establishing the corpus delicti corroborating appellant's admission of guilt, were meager, we cannot say that such circumstances taken in connection with appellant's admission of guilt were insufficient to justify the jury in reachnig the conclusion that the corpus delicti had been established.

**2.—Same—Evidence—Of Extraneous Crimes—Improperly Admitted.**

Where, on a trial for murder, the general reputation of appellant, not being placed in issue, and he not having testified as a witness in his own

behalf, it was error to permit the state to prove that he had killed a man in Oklahoma, and that he had been guilty of having adulterous relations with one of the state's witnesses.   See Enix v. State, 299 S. W. 431.

### 3.—Same—Continued.

It is the rule that proof of extraneous crimes should be excluded, unless same comes within one of the recognized exceptions.   When erroneously admitted, such evidence is of so harmful a character that the error cannot be cured by withdrawing same from the consideration of the jury by the court's charge.   See Enix v. State, supra.

### 4.—Same—Argument of Counsel—Improper—Reversible Error.

Where, on a trial for murder, evidence of other offenses committed by appellant having been admitted in evidence, the argument of State's Attorney, discussing these extraneous offenses but accentuated the error in their admission, and such argument considered in connection with such testimony, being obviously harmful to appellant, necessitates the reversal of the case.   See Edmondson v. State, 292 S. W. 231; Walker v. State, 281 S. W. 1070, and Enix v. State, supra.

Appeal from the District Court of Hunt County.  Tried below before the Hon. Grover Sellers, Judge.

Appeal from a conviction of murder, penalty ninety-nine years in the penitentiary.

The opinion handed down herein on February 15 is withdrawn, and the following substituted therefor.

The opinion states the case.

*Dial & Brim* of Sulphur Springs, for appellant.  On erroneous admission of evidence of extraneous crimes, appellant cites: Gothard v. State, 270 S. W. 177; Durham v. State, 290 S. W. 1092; Walker v. State, 288 S. W. 220, and Adams v. State, 219 S. W. 462.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The opinion handed down herein on February 15, 1928, is withdrawn and the following substituted therefor:

Appellant was convicted of the offense of murder, his punishment being assessed at confinement in the penitentiary for ninety-nine years.

The sufficiency of the evidence is questioned on the ground that the corpus delicti was not established.   The circumstances corroborating appellant's admission of guilt were meager.   We are not able to say, however, that such circumstances taken in connection with appellant's admission were insufficient to justify

the jury in reaching the conclusion that the corpus delicti had been established.

Bills of exception Nos. 5 and 6 complain of the action of the court in permitting the state to introduce before the jury evidence that appellant was guilty of extraneous crimes. Appellant's reputation was not placed in issue. He did not testify in his own behalf. Moreover, none of the exceptions under which evidence of extraneous crimes might properly be admitted were present. It is the rule that proof of extraneous crimes should be excluded unless same comes within one of the recognized exceptions. Enix v. State, 299 S. W. 431. The fact that appellant may have killed a man in Oklahoma was not relevant to any issue in the case. The further fact that appellant had been guilty of having adulterous relations with one of the state's witnesses was irrelevant and immaterial. That such matters when brought to the attention of the jury were obviously harmful and prejudicial to appellant must be conceded. Other bills of exceptions show that the County Attorney alluded to these objectionable matters in argument thereby further impressing the jury with the fact that appellant was a bad man, and a criminal generally. We think that under the present record the effort of the court to cure the error by withdrawing the matters complained of from the consideration of the jury was unavailing. We cannot say that the prejudicial matters complained of were not appropriated by the jury in determining the issue of guilt and assessing the penalty. The testimony complained of considered in connection with the argument of the County Attorney being obviously harmful to appellant, we are of the opinion that error necessitating a reversal was committed. Enix v. State, supra; Edmondson v. State, 292 S. W. 231; Walker v. State, 281 S. W. 1070.

There are other complaints found in the record, but, as they are not likely to occur in the same form on another trial, we do not deem it necessary to discuss them.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.