## Eddie McGREW and Major Gibson v. STATE.
### No. 15888.

Court of Criminal Appeals of Texas.

Feb. 15, 1933.

Dick Young, of Houston, for appellants.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Robbery is the offense; penalty assessed at confinement in the penitentiary for a period of twenty years.

Upon the written request of the appellants, duly verified by their affidavits, the appeal is dismissed.

## Tommy POOL v. STATE.
### No. 15637.

Court of Criminal Appeals of Texas.

Feb. 15, 1933.

Chas. T. Rowland, of Fort Worth, for appellant.

Cecil C. Rotsch and Stanley Bransford, Assts. Crim. Dist. Atty., both of Fort Worth, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is aggravated assault; penalty assessed at a fine of $50.

The trial was had in the county court at law. Appellant contends that, under article 5, § 16, of the Constitution, the district court had exclusive jurisdiction of the offense of aggravated assault. The exact question was before the court in the case of Allen v. State (Tex. Cr. App.) 54 S.W.(2d) 810. The point was decided adversely to the appellant. The same rule would prevail in the present appeal.

The judgment is affirmed.

## Harry ROBERTS v. STATE.
### No. 15632.

Court of Criminal Appeals of Texas.

Feb. 15, 1933.

B. F. Reynolds and Jeff A. Fowler, both of Throckmorton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Murder is the offense; penalty assessed at confinement in the penitentiary for a period of ninety-nine years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

## Paul SCHENK v. STATE.
### No. 15896.

Court of Criminal Appeals of Texas.

March 8, 1933.

Davenport & Crain, of Wichita Falls, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The unlawful transportation of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

The indictment is regular. The record is before us without statement of facts and bills of exception. No error has been perceived or pointed out.

There is nothing in the motion for new trial that can demand attention, in the absence of the statement of facts.

The judgment is affirmed.