**HUDSON et al. v. NORWOOD.**

No. 2077.

Court of Civil Appeals of Texas. Eastland.
Jan. 3, 1941.

Rehearing Denied Jan. 31, 1941.

Guinn & Guinn, of Rusk, for plaintiffs in error.

Norman, Stone & Norman, of Rusk, and Shook & Shook, of Dallas, for defendant in error.

LESLIE, Chief Justice.

The plaintiff, J. C. Norwood, filed this suit against Nettie Hudson and husband, James Monroe Hudson, Lucy Phillips and husband, Coy Phillips, for the title and possession of 140½ acres of land, part of the William Killion Survey, in Cherokee County, Texas. The 140½ acres is composed of three tracts: 5 acres acquired from J. F. Ward et al.; 91 acres acquired by C. K. (Knox) Norwood from W. Y. Ballew, and 54½ acres in what is known as the Brigman tract.

The plaintiff's second amended original petition was in trespass to try title, with counts pleading 3, 5, 10 and 25-year statutes of limitation. The defendant Nettie Hudson, by her second amended answer, answered by general demurrer plea of not guilty, disclaimer of all land lying east of a branch running north and south through the 140½ acres, a plea of 10-year limitation, and that the possession of the plaintiff's predecessor in title was not adverse to hers in that he (predecessor) had a homestead interest in the property and his possession was consistent with his interest and not adverse to her.

The defendants Coy Phillips and Lucy Phillips disclaimed all interest in the land. The defendant James Monroe Hudson was cited by publication as a nonresident. He did not appear or answer, but judgment was rendered against him for the plaintiff by default as to the title and possession of the 140½ acres, but no judgment for costs was taken against him.

The court entered a judgment in favor of the plaintiff on an instructed verdict. Mrs. Hudson appeals.

The plaintiff's title to the land was acquired from one who purchased same at an execution sale of the right, title and interest therein owned by C. K. (Knox) Norwood, a judgment debtor.

The litigation arises out of facts in substance as follows: W. H. (William Henry) Batten married Lucy Ballew October 17, 1870. Five children were born to that marriage: Sam Batten, John Batten, Tom Batten, Ruby Batten who married Allen T. Clark, and the defendant Nettie Batten

Hudson. January 14, 1887, J. M. Brittain sold and conveyed by warranty deed to W. H. Batten 155 acres of land. The deed was a general warranty vendor's lien deed, and the entire purchase price of the land as recited in the deed was three vendor's lien notes for $200 each due, respectively, November 1, 1887, 1888, and 1889.

It is not made to appear that W. H. Batten, or his wife, ever paid any part of said notes, but without dispute, J. M. Brittain, the same vendor, immediately after the maturity of the last of said notes, resold the same land to Knox Norwood by general warranty deed, reciting the retention of a vendor's lien to secure the consideration, namely, Norwood's three vendor's lien notes, the first for $166 and the other two for $167 each, due, respectively November 1, 1890, 1891 and 1892. This deed to Norwood was dated January 1, 1890 and Norwood went into possession of the land and remained in possession thereof for about 40 years after the date of the deed.

Knox Norwood's first wife died August 21, 1886, and said W. H. Batten died May 11, 1888. Brittain's deed to said Norwood was dated January 1, 1890 and he married Mrs. Batten, the widow of W. H. Batten, and the mother of Mrs. Nettie Hudson, on May 25, 1892. As an unmarried man Norwood acquired the deed from Brittain about two and one half years prior to his marriage to Mrs Batten, with whom he lived until her death June 29, 1922. He had no children by either wife and he died October 6, 1930.

In substance, the plaintiff's theory of the case is that where a vendor makes a deed to land and the purchaser does not pay the consideration but executes notes therefor and a vendor's lien is retained in the deed to secure the purchase price evidenced by the notes, the vendor has the superior title and until the contract is executed or performed on the part of the purchaser by paying the purchase money or discharging the debt, the purchaser or those in privity with him has no title against the vendor or those who stand in his right. Stated with reference to the testimony in this case, it is the plaintiff's contention that the defendant Mrs. Hudson stands in privity with W. H. Batten, vendee, who, as a consideration, executed the first series of vendor's lien notes to Brittain, and failed to acquire legal title to the property by the payment of the same. On the other hand, the plaintiff asserts that he derives his title (by purchase at execution sale) directly from the original vendor, the common source, J. M. Brittain.

On failure of W. H. Batten to pay the three vendor's lien notes given as a consideration for the land, said Brittain had three remedies: (1) He could have sued for the purchase price and foreclosed his lien; (2) he had a right to sell the land and convey the title to another, thus disaffirming the contract, and (3) he had a right to bring an action in trespass to try title against the vendee, or others in privity with him. Simpkins, Equity, p. 238. He seems to have elected the second remedy.

The vendor, Brittain, in retaining a vendor's lien consequently retained the superior title to the land. Stated differently, the original vendee Batten had nothing but an executory contract for title until consideration was paid. Under such circumstances the vendor's right to rescind or disaffirm the original contract is well recognized. Bunn v. City of Laredo, Tex. Com.App., 245 S.W. 426; Barker v. Temple Lumber Co., 120 Tex. 244, 37 S.W.2d 721, 722; Toler v. King, Tex.Civ.App., 11 S.W.2d 360; Evans v. Ashe, 50 Tex. Civ.App. 54, 108 S.W. 398, 1190; Kennedy v. Embry, 72 Tex. 387, 10 S.W. 88; Scott & Carmody v. Canon, Tex.Com.App., 240 S.W. 304; Graham v. West, Tex.Civ. App., 26 S.W. 920; Sherring .v. Augustus, 11 Tex.Civ.App. 194, 32 S.W. 450, 451, and other authorities hereinafter cited. In this last opinion by Judge Williams, it is said: "A conveyance of the land to another than the original vendee is an exercise of this right, and, if made when the vendor is entitled to rescind, has the effect to defeat even the right of the first vendee to redeem."

In Barker v. Temple Lumber Co., supra [120 Tex. 244, 37 S.W.2d 722], it was held: "The conveyance from Bennett to Damon was executory. Damon could only perfect his title to the land by paying the purchase-money notes in accordance with the terms of his agreement. Upon his failure to do so, Bennett had the right to rescind the sale and convey the property to others. Likewise Rogers held no title to this property except one conditioned upon the discharge of the obligation for the purchase-money notes. Farmers' Loan Co. v. Beckley, 93 Tex. 267, 54 S.W. 1027; Hale v. Baker & Rice, 60 Tex. 217."

■ The operation of the above principle of law is not affected by the death of the original vendee. In other words, the vendor's superior title remains unaffected by the vendee's death. Herman v. Gieseke, Tex.Civ.App., 33 S.W. 1006, 1009; Curran v. Texas Land & Mortgage Co., 24 Tex.Civ.App. 499, 60 S.W. 466, writ refused; New England Loan & Trust Co. v. Willis, 19 Tex.Civ.App. 128, 47 S.W. 389, writ refused; Jackson v. Ivory, Tex. Civ.App., 30 S.W. 716; Toullerton v. Mahncke, 11 Tex.Civ.App. 148, 32 S.W. 238; Robertson's Adm'x v. Paul, 16 Tex. 472; Rogers' Heirs v. Watson, 81 Tex. 400, 17 S.W. 29; McKinley v. Keath, 24 Tex.Civ.App. 570, 59 S.W. 813; Head v. Moore, Tex.Civ.App., 232 S.W. 362.

From the Herman case, supra [33 S.W. 1009], we take the following holding in an opinion by Judge Williams: "The fact that one of the heirs was a minor, and others married women, added nothing to their rights under the contract. They succeeded to such rights as Mrs. Gieseke had, and to no others. By her death, Link's obligations and rights were not increased or diminished. Estes v. Browning, supra [11 Tex. 237, 60 Am.Dec. 238]; Pom.Spec.Perf. § 620; Fry, Spec.Perf. § 620; Walker v. Douglas, 70 Ill. [445], 446. The heirs were not bound by their mother's contract, but, if they desired to acquire title to the land, they could only do so by complying with the conditions upon which such acquisition depended."

See, also, Young v. Harbin Citrus Groves, Tex.Civ.App., 130 S.W.2d 896, writ refused; Bothwell v. Farmers' & Merchants' State Bank & Trust Co., Tex. Civ.App., 50 S.W.2d 846, affirmed 125 Tex. 488, 82 S.W.2d 945, 84 S.W.2d 229.

In the opinion in Head v. Moore, Tex. Civ.App., 232 S.W. 362, 364, answering the contention that the title did not pass by the subsequent deed because the notes (to secure which the vendor's lien was retained in the original deed) were barred by four-year limitation, the court said: "The answer to the first objection is that appellant never acquired the legal title to the land from Asher, unless he affirmatively pleads and proves, *and the burden is upon him,* that he paid the consideration." (Italics ours.)

To the same effect is the opinion in Evans v. Ashe, and Scott & Carmody v. Canon, supra.

What has been said in effect disposes of the respective contentions of appellant and appellee as they are based upon the Brittain deeds of January 14, 1887 and January 1, 1890. From the facts detailed and others not necessary to recite, it conclusively appears that neither W. H. Batten, nor his heirs, ever acquired the legal title to said property. Obviously, Brittain disaffirmed the original contract to convey the property to Batten by his (Brittain's) subsequent conveyance to Norwood, who, as noted, went into possession of the property some two and one-half years before he married Mrs. Batten on May 25, 1892.

If the appellant has any right or title to the land or any part thereof. it must rest on some other ground or theory. The record reflects other claims advanced by Mrs. Hudson. She seems to claim the land, or the part thereof lying west of a branch running through the land on the basis of limitation, as well as an alleged parol gift of the same to her by her uncle, Knox Norwood. Also, by virtue of a parol partition whereby the same was allotted to her.

Upon no theory reflected by this record does she appear to have ever had any joint ownership in the property involved. Therefore, no basis exists for any partition of lands in which she had no interest. Batten never acquired the complete title to the land, and neither did his heirs. Partition rights under such circumstances have been fully discussed in an opinion by this court in Walling v. Harendt, 37 S.W. 2d 280. That opinion cites numerous authorities on the proposition. Special attention is also directed to the opinion in Reyes v. A. O. Kolberg, Inc., Tex.Civ.App., 101 S.W.2d 351.

Her claim to the land, or any part thereof, based upon a parol gift from Knox Norwood are equally unfounded. No showing of valuable improvements in good faith are shown. The evidence does not sustain any such claim.

■ The claim of title by 10-year limitation, Vernon's Ann.Civ.St. art. 5510, is not established by the testimony. The support for such claim is lacking in different respects, but if it be considered valid in other particulars, the claim is not laid to any definitely described tract of land. The record reflects no description by which the court, the sheriff, or any proper authority could identify the land claimed adversely and locate it on the ground. So far as

shown, the claim is laid to an undetermined and indefinite tract of land. These observations are relevant in the discussion of the theory of parol gift, as well as the question of partition, and relate to the tract "west of a branch" as well as the 1½ acres where stands a house. Houston Oil Co. v. Holland, Tex.Com.App., 222 S.W. 546; Giddings v. Fischer, 97 Tex. 184, 77 S.W. 209; Musgrove v. Foster Lumber Co., Tex.Civ.App., 89 S.W.2d 287; Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064. See also Turfitt v. Perales et ux., 5 Cir., 63 F.2d 659.

Appellant seeks to have the judgment of the trial court reversed because it was taken against James Monroe Hudson, a nonresident, cited by publication, who made no appearance, and filed no answer, without the court's having appointed an attorney to represent said absent defendant and without filing statement of the evidence, approved and signed by the judge, as provided in Art. 2158, Revised Civil Statutes 1925.

■ The appellee Norwood has heretofore made a motion to dismiss this appeal because said James Monroe Hudson was not a party to the same. That motion was answered and resisted by the appellant Mrs. Hudson asserting that she had been permanently separated from her husband for more than fifteen years; that the property in question was her separate estate, and in serious danger of being lost if she was not permitted to litigate her rights therein. Norwood's motion to dismiss the appeal on the ground stated was overruled. The appeal on its merits is now before this court.

It will be observed that Mrs. Hudson, and not her husband, is seeking to take advantage of this point. A different situation would be presented if James Monroe Hudson was properly before this court, seeking to have such alleged error considered. Price v. Traders' Nat. Bank, Tex. Civ.App., 195 S.W. 934, 938. In this opinion it was held: "We have not considered the brief filed by Weadington, since he is not a party to this appeal; the majority of this court holding it to be a rule of appellate practice that under such circumstances his suggestion of fundamental error should not be considered. McKenzie v. Irrigation Co., Tex.Civ.App., 166 S.W. 495, 497; Needham v. Cooney, Tex.Civ. App., 173 S.W. 979." That case reached the Supreme Court, and in 228 S.W. 160, 162, in an opinion by the Commission of Appeals, it was held: "The Court of Civil Appeals correctly held that Weadington, not having perfected an appeal from the judgment rendered against him, must be held bound by such judgment, and could not claim a reversal in his behalf on the appeal by the Days and Mrs. Price. Sullivan v. Doyle, 108 Tex. 368, 194 S.W. 136." See Anderson v. Silliman, 92 Tex. 560, 50 S.W. 576; Luker v. Anderson, Tex. Civ.App., 10 S.W.2d 149.

It would seem certain that since James Monroe Hudson could not (under the record) be heard to urge this point as reversible error, for greater reasons the appellant must be denied that right. Especially should this be true in view of the evidence generally and the estoppel raised by her previous pleadings and conduct resisting the motion to dismiss this appeal.

The appellant insists that since Norwood holds under a sheriff's deed to property sold under a judgment and order of sale issued out of the county court of Dallas County on a judgment for $1038.28 with six per cent interest from the date of judgment (April 6, 1931), etc., said amount being in excess of the jurisdiction of the county court, the court should have sustained the appellant's objection thereto and required the plaintiff's original petition, or certified copy thereof, to be presented in order to show affirmatively that the county court had jurisdiction to render the judgment.

■ The judgment under which the sale occurred discloses that it was for the principal sum of $965.84, with 6 per cent interest on that amount from January 1, 1929, till date of judgment, April 6, 1931. Interest added to the principal gives a judgment of $1,038.28. The amount or matters in controversy at the time of filing the suit, and not the amount of recovery, is controlling. Obviously, the principal amount ($965.84) was not in excess of the county court's jurisdiction. Further, this is a collateral attack on the judgment and every presumption is in favor of its validity. We do not believe there is any merit in this contention. Smith v. Ridley, 30 Tex.Civ.App. 158, 70 S.W. 235; 25 Tex.Jur. p. 830, sec. 319 et seq. Also, secs. 324, 337, 338.

■ Norwood acquired the land at execution sale based on a judgment rendered in the County Court at Law No. 1 of

831

Dallas County, Texas. The contention here made is that the judgment is void, because such court was not authorized by the Constitution of Texas, and, therefore, had no power or jurisdiction to render the judgment upon which the order of sale issued. Any such question appears to have been settled adversely to the appellant by the following decisions: City of Dallas v. Johnson, Tex.Civ.App., 54 S.W.2d 1024; Johnson v. City of Dallas, Tex.Civ.App., 78 S.W.2d 265; Keystone Pipe & Supply Co. v. Osborne, Tex.Civ. App., 73 S.W.2d 120, 124; Allison v. State, 127 Tex.Cr.R. 322, 76 S.W.2d 527; Id., 295 U.S. 717, 55 S.Ct. 828, 79 L.Ed. 1672; Id., 296 U.S. 661, 56 S.Ct. 82, 80 L.Ed. 471; Allen v. State, 122 Tex.Cr.R. 186, 54 S.W. 2d 810; Tommy Pool v. State, Tex.Cr. App., 57 S.W.2d 1118.

For the reasons stated, appellant's assignments are all overruled and the judgment of the trial court is affirmed.