**Reversed and Remanded and Memorandum Opinion filed January 5, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-01213-CV
_____

**ARCADIO D. RODRIGUEZ, Appellant**

**V.**

**MARK T. WOMACK, Appellee**

On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2008-54135

## MEMORANDUM OPINION

In this legal-malpractice case, we hold that for the purposes of res judicata, a judgment does not have preclusive effect if the court rendering it lacked jurisdiction over the amount in controversy.

Mark T. Womack won summary judgment against Arcadio D. Rodriguez on res judicata grounds in district court after a small claims court dismissed Rodriguez's claims with prejudice. Rodriguez argues that the district court erred in granting summary judgment because Womack failed to conclusively show that the dismissal with prejudice was a "final determination on the merits by a court of competent jurisdiction" as required to

establish res judicata. Because we agree that Womack failed to establish that the small claims court was one of competent jurisdiction over the amount in controversy, we reverse and remand for a new trial without addressing Rodriguez's remaining issues.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Womack, an attorney, represented Rodriguez as plaintiff in a wrongful-termination suit between 2003 and 2005. That suit ended when Womack withdrew as Rodriguez's counsel and Rodriguez voluntarily dismissed his claims. On May 22, 2008, Womack sued Rodriguez in a Harris County small claims court to recover $1,086.40 in legal fees; $639.19 in expenses; interest on the legal fees; and court costs. Trial was set for September 2, 2008. On August 29, 2008, four days before the small claims court trial, Rodriguez sued Womack in the 129th District Court of Harris County for legal malpractice, breach of fiduciary duty, fraud, and breach of contract, all arising from Womack's 2003–05 representation. Citing the common issues underlying the two lawsuits and the fact that the amount of damages Rodriguez sought in district court was too great to be pursued in small claims court, Rodriguez asked the small claims court to "consolidate" Womack's suit for unpaid legal fees with Rodriguez's suit for legal malpractice so that both could be tried in district court. Along with his motion to consolidate, Rodriguez filed "compulsory counterclaims" in Womack's small claims court suit that were identical to the claims Rodriguez asserted against Womack in district court. The small claims court denied Rodriguez's motion to consolidate; rendered judgment for Womack in the amount of $711.40, plus interest and court costs; and severed Rodriguez's counterclaims into a new small claims court suit.

Womack then asked the small claims court to dismiss Rodriguez's severed counterclaims with prejudice for want of prosecution and as a sanction for filing the counterclaims in the small claims court without intending to prosecute them there. Womack alleged, *inter alia*, that Rodriguez knew that the small claims court lacked authority to consolidate the two cases; that Rodriguez had filed his counterclaims to

2

improperly seek the transfer of the claims to the district court and with the "improper purpose of ousting [the small claims court] of its jurisdiction to decide such claims"; and that Rodriguez had filed the counterclaims as "fictitious pleadings," in bad faith, and for the purpose of harassment. Although Rodriguez filed a notice of nonsuit at the hearing on Womack's motion, the small claims court granted Womack's motion and signed an order dismissing Rodriguez's claims with prejudice. Both parties agree that the dismissal was intended as a sanction against Rodriguez, but neither party requested findings of fact and conclusions of law.

On November 6, 2008, within the ten-day statutory deadline for appealing the dismissal, Rodriguez filed a notice of appeal with the small claims court, but there is no evidence that he paid an appeal bond within the ten-day deadline as required to perfect his appeal. *See* TEX. R. CIV. P. 571–73 (requiring appellant from justice court to file appeal bond or affidavit of inability to pay); TEX. GOV'T CODE ANN. § 28.052 (West 2004) (appeal from small claims court is governed by same law as appeal from justice court). Rodriguez spent the next year in an unsuccessful effort to challenge the judgment, but the small claims court would not process his appeal because—in addition to his failure to timely pay an appeal bond—he had failed to pay a filing fee when he filed his counterclaims in Womack's small claims court suit. Rodriguez also filed a petition for writ of mandamus with this court asking us, *inter alia*, to order the small claims court to vacate the dismissal order and render judgment dismissing Rodriguez claims in accordance with his notice of nonsuit. We dismissed Rodriguez's petition on October 13, 2009, citing our lack of jurisdiction to issue a writ of mandamus against a small claims court.

On June 5, 2009, Womack successfully moved for summary judgment in Rodriguez's district court suit based on res judicata and the collateral-estoppel effects of the small claims court's dismissal with prejudice. Rodriguez timely appealed.

3

## II.    ISSUES PRESENTED

In four issues, Rodriguez contends that the district court erred in granting summary judgment because (1) Womack did not conclusively show that the small claims court adjudicated Rodriguez's claims on the merits, as required to establish res judicata; (2) Womack did not conclusively show that the small claims court's dismissal with prejudice was a "final determination," as required to establish res judicata, because the dismissal with prejudice was void for failure to be rendered in open court; (3) Womack did not conclusively show that the small claims court's dismissal was with prejudice and therefore a "final determination," as required to establish res judicata, because a contradictory docket order created a "fact issue" about whether the dismissal was with prejudice; and (4) Womack did not conclusively show that the small claims court was a court of competent jurisdiction to render the judgment, as required to give its judgment res judicata effect.

## III.    STANDARD OF REVIEW

We review the trial court's grant of a summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 198 S.W.3d 211, 215 (Tex. 2003). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006). We must affirm the summary judgment if any of the movant's theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life*, 128 S.W.3d at 216.

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of

4

action or conclusively establish each element of an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The nonmovant has no burden to respond to a summary-judgment motion unless the movant conclusively establishes each element of its cause of action as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

## IV. ANALYSIS

Res judicata precludes relitigation of claims that are finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). A party relying on res judicata as an affirmative defense must prove (1) a prior final determination on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

A claim is not barred by res judicata unless the court rendering judgment in the initial suit properly maintained subject-matter jurisdiction over the claim. *Harrison v. Gemdrill Int'l, Inc.*, 981 S.W.2d 714, 718 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). This principle is a corollary of the fact that a judgment rendered by a court lacking subject-matter jurisdiction is void, not merely voidable. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 ("The question of whether Travelers established its res judicata defense turns on the issue of whether the [first court's] erroneous order was void, or merely voidable."). Where the amount in controversy exceeds a court's jurisdictional limits, the court has no subject-matter jurisdiction and its judgments are void. *Tejas Toyota, Inc. v. Griffin*, 587

5

S.W.2d 775, 775 (Tex. Civ. App.—Waco 1979, writ ref'd n.r.e.) (citing *Williams v. Steele*, 101 Tex. 382, 108 S.W. 155, 157 (1908)).

A small claims court has subject-matter jurisdiction over claims in which the amount in controversy does not exceed $10,000.   TEX. GOV'T CODE ANN. § 28.003 (West Supp. 2011).   To determine the amount in controversy, we look to the face of the pleadings.  *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996). Counterclaims are judged on their own merits and must independently comport with a court's jurisdiction.   *Color Tile, Inc. v. Ramsey*, 905 S.W.2d 620, 623 (Tex. App.—Houston [14th Dist.] 1995, no writ).   The amount requested is dispositive unless the defendant specifically alleges that the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

To support his position that the small claims court had subject-matter jurisdiction over Rodriguez's claims, Womack argued that Rodriguez "clearly invoked the small claims court's subject-matter jurisdiction."  As summary-judgment evidence, Womack cited boilerplate language from the "jurisdiction" section of Rodriguez's counterclaims in which Rodriguez recited that the small claims court had jurisdiction over the controversy because the damages he claimed were within the court's jurisdictional limits.  In the section of his counterclaims in which he requested damages for professional negligence, however, Rodriguez specifically stated that he sought damages for "mental anguish and the attorney's fees he paid to Womack in the amount of $18,000.00," in addition to exemplary damages.  Although this amount clearly exceeds the small claims court's subject-matter jurisdiction, Womack argued that Rodriguez contradicted this statement later in the same pleading by requesting a "monetary amount to be determined during discovery in this case."  Womack also pointed to another part of the pleading in which Rodriguez requested "unliquidated damages within the jurisdictional limits of [the small claims c]ourt." According to Womack, these contradictions made Rodriguez's pleading ambiguous, and

ambiguous pleadings must be resolved in favor of jurisdiction. *See Cazarez*, 937 S.W.2d at 449 (where the pleadings do not affirmatively demonstrate an absence of jurisdiction, a liberal construction in favor of jurisdiction is appropriate) (citing *Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804 (Tex. 1989)); *Hudson v. Norwood*, 147 S.W.2d 826, 830 (Tex. Civ. App.—Eastland 1941, writ dism'd judgm't cor.) (a collateral attack on a judgment must overcome the presumption that the judgment is valid).

Rodriguez's counterclaims, however, *do* affirmatively demonstrate an absence of jurisdiction. He requested $18,000 in actual damages for negligence alone, an amount beyond the small claims court's jurisdiction, aside from what he requested for his remaining claims and as exemplary damages. It is the specific amount in damages that Rodriguez sought, not the generic language he recited to establish jurisdiction, that determines the amount in controversy. *See Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 837 (Tex. 1989) (because the plaintiff specifically pleaded an amount under the minimum jurisdiction of the district court, he could not rely on his more general allegations to sustain jurisdiction). Further, there was no contradiction between the damage requests. The request for $18,000 expressly pertained only to mental anguish and the amount Rodriguez paid Womack in attorney's fees, while the request for an "amount to be determined during discovery" concerned only the amount that Rodriguez would have obtained in his wrongful-termination suit. And while both of these requests appeared in the section in which Rodriguez sought damages for negligence, the request for "unliquidated damages within the jurisdictional limits" of the small claims court appeared in the section of Rodriguez's counterclaims in which he sought damages for breach of contract.

We sustain Rodriguez's fourth issue.

7

## IV.   CONCLUSION

We conclude that Womack failed to meet his burden of proving every element of res judicata.   Because this issue is dispositive, we reverse the judgment and remand the case to the district court without addressing the remaining issues presented.

/s/      Tracy Christopher
Justice

Panel consists of Chief Justice Hedges and Justices Brown and Christopher.